THE MAHASKA COUNTY STATE BANK, Appellee, v. J. M. CHRIST *et al.*, Appellants.

1.  **Appeal**: CROSS-PETITION: MOTION TO STRIKE, An appeal lies from an order striking a cross-petition from the files.

2.  **Promissory Note**: DEFENSE AGAINST ASSIGNEE: BREACH OF CONTRACT BY PAYEE: PLEADING. In an action upon a promissory note by the assignee thereof it is competent for the maker of the note to show that the same was given for personal property, and that under the terms of a written agreement, made simultaneously with said note, the said defendant had returned said property, and was entitled to the surrender of said note, and that the plaintiff took

said note as collateral security for a small loan with knowledge of said agreement, and after the return of said property, and for the purpose of depriving defendants of their rights under said agreement; and a cross-petition setting up said facts against the payee of said note and his assignee, and making the payee a party to the action is good.

3.   ———— : ———— : ———— : ————.   But defenses as to the purchase of other property contracted for in said written agreement, and for which a separate note was given, and which was subsequently taken out of said agreement by a second agreement with respect to such property, is not the proper subject of a cross-petition in such action.

*Appeal from Hamilton District Court.*—HON. J. L. STEVENS, Judge.

FRIDAY, JANUARY 30, 1891.

ACTION upon a promissory note executed by the defendants to Springer and Williard, and assigned to the plaintiff. The defendants answered that the note was given for part of the price of a stallion named "Bosco," purchased under a written agreement, set out, whereby Springer and Williard warranted the horse, and alleging a breach of the warranty, the return of the horse, and that plaintiff took the note with full knowledge of the agreement, and of defendant's right to return the horse. The defendants, by way of an independent cause of action, alleged that they were the owners of the note under the terms of said written agreement, and because of having returned the horse to Springer and Williard, and asked to recover possession thereof. They also filed a cross-bill against Springer and Williard, and served them with notice. The cross-bill, upon the motion of the plaintiff, was stricken out, to which the defendants excepted, and, leave being given the defendants to amend, they amended by making the plaintiff a defendant thereto, and by adding certain averments to those contained in their original bill. The plaintiff's motion to strike this amendment was also sustained, to which ruling the defendants excepted, and from which they appeal.—*Modified and affirmed.*

*Hyatt & Hyatt* and *Martin & Wambach,* for appellant.

*W. J. Coviland* and *Seevers & Seevers,* for appellee.

GIVEN, J.—I. The appellee moves to dismiss the appeal on the ground that no appeal lies from the decisions sustaining the motions to strike defendant's cross-bill. The ruling appealed from is that sustaining the motion to strike the cross-bill as amended, as by amending appellants waived their exceptions to the ruling on the first motion. An appeal may be taken from "an order made affecting a substantial right in an action, when such order in effect determines the action, and prevents a judgment from which an appeal might be taken." Code, sec. 3164. If the cross-bill is properly in the case, then unquestionably an appeal lies from an order striking it. Whether it is properly in the case is the only question presented by the appeal. To deny the appeal would leave plaintiffs in the cross-petition without remedy as against an error in striking their petition. In the view we take of the case, it is appealable under said section, and the motion to dismiss the appeal is, therefore, overruled.

*1. APPEAL: cross-petition: motion to strike.*

II. The first count of the cross-bill alleges that the stallion named "Bosco" was purchased under a written agreement, set out, at twelve hundred and fifty dollars. That, by the terms of said agreement, if after one year's trial, with proper care, the horse "proves barren" (not "a reasonably sure foal getter"), Springer and Williard would, at the option of Christ and Smith, refund the money paid, provided the horse was returned in as good condition as when sold. That the horse was not a reasonably sure foal getter, and that on the second day of April, 1889, they returned the horse in as good condition as when purchased, and demanded the return of the note sued upon, and the five hundred dollars paid

*2. PROMISSORY note: defense against assignee: breach of contract by payee. pleading.*

at the time of the purchase.   That Springer and Williard accepted the horse, but refused to return the note and money.   That they (Christ and Smith) complied with all the provisions of said written agreement, except the making of monthly reports of the mares bred to said horse, which requirement Springer and Williard waived.

In the second count it is alleged that, under the same written agreement, they (Christ and Smith) purchased another stallion named "Matador," at the same price, of which five hundred dollars was paid, and their note given for the seven hundred and fifty dollars.   That afterwards another contract in writing was entered into, whereby five hundred dollars was credited on the note, and wherein it was agreed that, if said horse did not recover from a sickness with which he was then afflicted, Springer and Williard would surrender said note.   It is alleged that the horse failed to recover from said sickness, that the note was demanded, and that Springer and Williard refused to surrender it.   Judgment is asked in the cross-bill against Springer and Williard for five hundred dollars and interest, for the surrender of the notes, and that, if the plaintiff recover judgment, they (Christ and Smith) have judgment for the same amount against Springer and Williard.   By the amendment these allegations are made part thereof, and it is further alleged that Springer and Williard were the owners of the note in suit when the horse Bosco was returned, and that they then promised to surrender said note in a few days, or send another horse, as provided in the contract of purchase, and also to surrender the other note.   That thereafter Springer and Williard and the plaintiff bank conspired to deprive Christ and Smith of their rights under said contract, and that the transfer of the note in suit was made with full knowledge of all the facts on the part of the bank, as collateral for a small loan, and for the purpose of depriving Christ and Smith "of the right of adjusting the matters arising from the breach of said agreements between them and Springer and Williard, and that Springer and Williard are insolvent."

It will be observed that nothing whatever is alleged in the cross-bill as against the plaintiff, but what is set up in the answer, and that no relief is asked as against the plaintiff. It will also be noticed that, though the two horses were purchased under the same contract, and two notes given, there was nothing to indicate for which horse either note was given. The parties treated the note in suit as given for the horse Bosco, and the other for Matador, by applying the credit on account of Matador's sickness on the other note. While the contract of purchase of the two horses was a single transaction, the parties have taken the purchase of Matador out of that agreement by making a second agreement with respect to that horse.

III. It is contended that this cross-petition is within the provisions of section 2663, of the Code, which is as follows: "When a defendant has a cause

3. THE same. of action affecting the subject-matter of the action against a codefendant or a person not a party to the action, he may, in the same action, file a cross-petition against the codefendant or other person." It requires no discussion to show that the agreement and note with respect to the horse Matador does not affect the subject-matter of this action. By the second contract in writing, agreements entirely different and distinct from those relating to the purchase of Bosco were made. The subject-matter of this action is the written agreement and note in suit, executed with respect to the purchase and sale of the horse Bosco. If the allegations of the cross-petition are true, then, clearly, Christ and Smith have a cause of action against Springer and Williard for the money paid on the horse Bosco, and for the cancellation of the note, or for the alternative relief as prayed with respect to the note. If their allegations are true as to the transfer of the note to the plaintiff, then they are entitled to a cancellation of the note as against the plaintiff. These conclusions seem to us so manifestly correct as not to require any other citation than the statute upon which they are based.

The question discussed as to the residence of Springer and Williard was not raised by the motion to strike, and is, therefore, not considered.

Our conclusion is that the ruling of the district court should be sustained as to the second count of the cross-petition, and overruled as to the first. MODIFIED AND AFFIRMED.