## MAYER v. WOODBURY AND STRAHM.

14 57
104 259

1. CASE RE-AFFIRMED. *The Troy Portable Grain Mill Company* v. *Bowen & Co.*, 7 Iowa, 465, re-affirmed, but held inapplicable to the case at bar.
2. AMENDMENT. When a proposed amendment is but a substantial repetition of a former pleading, the court may in its discretion reject it.

### *Appeal from Johnson District Court.*

### THURSDAY, OCTOBER 16.

PLAINTIFF sued (in September, 1859,) upon a non-negotiable note, made by Woodbury to Strahm, and assigned to him before due. Woodbury moved a change of venue, upon the ground that he was a resident of Marshall county, and a statement that the transfer of the note was fraudulent, and for the purpose of suing him away from the county of his residence. This motion was overruled, an answer filed denying the execution of the note, that Strahm sold or assigned the same, or that plaintiff was the owner thereof, averring that it was obtained by fraud, claiming that Strahm was indebted to defendant in the sum of $300, which he asks to set-off, and that the note was obtained without consideration, and was void. Replication in denial. During the trial, Strahm was offered as a witness by plaintiff, and on his cross-examination, gave testimony tending to show that the note was not indorsed in good faith, &c. So soon as he left the stand, defendant moved for leave to amend his answer by adding a plea, to the effect that "the note was not assigned in good faith, but for the mere purpose of bringing the suit in Johnson county." This was refused, and afterwards, and before the argument was commenced to the jury, defendant again asked leave to make the proposed amendment, and tendered the same for filing. This was still refused. Verdict for plaintiff: motion for new trial, based upon the foregoing rulings of the court, which was overruled· and defendant (Woodbury) appeals.

*Clarke and Davis* for the appellant, cited Code of 1851, § 1701; *The Troy Portable Grain Mill Company* v. *Bowen & Co.*, 7 Iowa, 465; *Grinnell, Minturn & Co.* v. *Schmidt & Butcher*, 2 Seld., 705.

*Edmonds & Ransom* for the appellee.

WRIGHT, J.—1. The facts stated in the affidavit of defendants' counsel, for the change of venue, are fully rebutted by the counter affidavits, and there was no error in overruling the motion at that time. In response to defendant's showing, which, for the most part, is the statement of mere information and belief, we have the affidavit of plaintiff and his attorney, which certainly makes it reasonably manifest that the note was assigned in good faith, for a valuable consideration, and not for the mere purpose of suing defendant in Johnson county. And while we adhere to all that is said on this subject in the *Troy Portable Grain Mill Company* v. *Bowen & Co.*, 7 Iowa, 465, we still conclude that in this case the court below ruled correctly, for the facts developed do not show that Strahm assigned the note to enable the plaintiff to sue in a wrong or improper county.

2. We cannot see how defendant was prejudiced by the rejection of the proposed amendment to his answer. If treated as a defense to the action, then the same matter was already pleaded, for defendant had already denied the assignment and ownership of the note. Not only so, but the note was not negotiable, and defendant had the privilege of making every defense that he could have made, if the action had been commenced in Strahm's name. Then if the amendment is to be treated as an effort to change the venue, under the facts as developed by Strahm's cross-examination, the answer is that the court, in the exercise of a sound discretion, might well conclude that the application was too late. It was made after the party, upon as

full a showing as he desired to make, had been overruled in his application, after the trial was commenced, and the testimony substantially concluded. And finally, if it be treated as a plea in bar, upon the ground that the action was not prosecuted in the name of the real party in interest, the answer is, that it was unnecessary and immaterial, for the defendant could claim the advantage of all the testimony he could obtain on this subject, under the issue already joined. If a proposed amendment is but a substantial repetition of a former pleading, the court may, in its discretion, reject it. (*Harvey* v. *Spaulding*, 7 Iowa, 424.) Not only so, but the matter stated would be no bar to the action. *Farwell* v. *Tyler*, 5 Iowa, 535; *Allen* v. *Newberry*, 8 Id., 65; *Howey* v. *Willtrout*, 10 Id., 105; *McLott, Corbin & White* v. *Savery and Savery*, 11 Id., 323.

Affirmed.