STOCKHOLDERS OF JEFFERSON COUNTY AGRICULTURAL ASSOCIATION, Appellants, v. THE JEFFERSON COUNTY AGRICULTURAL ASSOCIATION.

Corporations: DISSOLUTION: RECEIVERS. Mere differences among stock-
1   holders as to the advisability of continuing the existence of the corporation will not support a suit in equity to compel a sale of corporate property acquired and held by the corporation for a lawful purpose, and for the appointment of a receiver to that end; it is only where mismanagement and fraud of the officers, or insolvency of the corporation is alleged, that the courts will undertake to wind up the affairs of a corporation and distribute the assets at the suit of stockholders.

Same: STATUTE. The statute authorizing the appointment of re-
2   ceivers relates to their appointment as an auxiliary remedy in an action otherwise properly brought, but has no relation to cases where no equitable ground exists for the appointment as the foundation for the relief asked.

*Appeal from Jefferson District Court.*—HON. FRANK W. EICHELBERGER, Judge.

MONDAY, JUNE 10, 1912.

ACTION was brought by stockholders of the defendant corporation for the appointment of a receiver with directions that he sell the fair grounds of the association and distribute the proceeds among the stockholders. A temporary receiver was appointed by the court with direction that he cause to be published a notice of dissolution and a notice of the appointment of a receiver to wind up the affairs of the corporation. Defendant's demurrer to the petition was sustained and on motion the temporary receiver was discharged. Plaintiffs elected to stand upon their petition, and judgment was rendered for the defendant, from which plaintiffs appeal.—*Affirmed.*

*E. R. Smith* for appellants.

*Leggett & McKemey* for appellee.

McCLAIN, C. J.—The plaintiffs allege that they are stockholders in the defendant association which is a corporation organized under the laws of Iowa, and the grounds stated by them for asking that a receiver for the corporation be appointed and that he make sale of the property and distribute the proceeds among the stockholders are briefly that the defendant is the owner of a certain described tract of land constituting fair grounds; that plaintiffs, representing a majority of the stock in the corporation, are in favor of selling the fair grounds, paying the debts of the association, and dividing the proceeds among the stockholders, while persons named in the petition as defendants or otherwise described and said to be minority stockholders owning not to exceed ten percent of the stock, are also in favor of disposing of the fair grounds, differing with plaintiffs only as to the method of disposal; that at two meetings of the stockholders it had been unanimously

voted to sell the fair grounds; that the corporation has not the funds with which to put the fair grounds in condition to hold an annual fair, the holding of fairs being the principal business for which the corporation was organized; that fairs have not been held for two years; that the corporation is in danger of becoming insolvent, its indebtedness of $2,700, secured by mortgage on the fair grounds, having been accumulated in the course of the last seventeen years and representing losses resulting from attempts to hold fairs; that the association has elected officers with the declared intention of holding another fair whereby the property of the corporation will be decreased in value; that the property of the stockholders is in danger of being lost, materially injured, or impaired, and that it is to their interest that the indebtedness of the association shall not be increased by continuing in a losing business; that the corporation has failed in the purpose for which it was originally created; that the officers of the corporation have had "running races with cash prizes and premiums" at each fair in violation of a provision in the articles of the association "that all running of horses shall be prohibited on the grounds," and have thereby been guilty of misappropriation of funds and breach of trust.

It is apparent from these allegations that this is in effect a suit of the majority of the stockholders to compel a disposal by the court of the property of the corporation and a distribution of the proceeds' thereof among the shareholders. Although dissolution of the corporation is not expressly asked, it is evident from the allegations of the petition as construed by counsel for appellant in argument that the necessary result of granting plaintiffs the relief prayed will be to prevent the corporation from further carrying out the purposes for which it was organized.

We discover no grounds alleged in the petition justifying a court of equity at the suit of a majority of the stockholders in thus interfering with the management of

the corporation by its duly elected officers. It is alleged that officers have been recently elected whose purpose it is to hold another annual fair; the holding of fairs being the purpose for which the corporation was created. Whether it is wise to attempt to hold another fair is evidently a matter as to which discretion must be vested in the corporate officers; a discretion which a court of equity on the application of stockholders has no power to control. It does not appear that the corporation is insolvent, although some indebtedness has been incurred in carrying out the purposes for which it was organized. In view of the name of defendant corporation and the concessions of counsel in argument, we are perhaps justified in assuming that it was created under statutory provisions for the formation of corporations not for pecuniary profit under statutory provisions now embodied in Code, section 1642.

But, whether this be so or not, we find no authority for entertaining an action in equity brought by stockholders to compel the corporation to dispose of property acquired and held by it for proper purposes. It seems to be well settled in this state that a court of equity will not entertain a suit by stockholders to wind up the affairs of a corporation and distribute its assets in the absence of allegations of mismanagement and fraud on the part of the officers or insolvency, unless authorized to do so by statute. *French v. Gifford*, 30 Iowa, 148; *Dickerson v. Cass County Bank*, 95 Iowa, 392; *Platner v. Kirby*, 138 Iowa, 259. Mere differences among stockholders as to the advisability of the continuance of the corporate existence will not justify the appointment of a receiver. *Wallace v. Pierce-Wallace Publishing Co.*, 101 Iowa, 313; *Troutman v. Council Bluffs Street Fair, etc., Co.*, 142 Iowa, 140.

1. CORPORATIONS: dissolution: receivers.

It is the general rule that a court of equity will not interfere on the suit of stockholders with a method of managing the affairs of a corporation nor decree its dis-

solution save on recognized grounds for equitable relief or in pursuance of statutory provisions. Cook, Corporations (4th Ed.) Section 629; Taylor, Corporations (4th Ed.) Section 610; High, Receivers (2d Ed.) Section 288; Beach, Receivers, Section 88.

The provisions of Code, section 3822, with reference in general to the appointment of receivers, relates to the appointment of a receiver as an auxiliary remedy in an action otherwise properly brought, but do not create grounds for the application to a court of equity for a receiver in cases in which no equitable ground for such appointment as the principal foundation for the relief asked is made to appear. Under Code, section 1643, relating to corporations not for pecuniary profit, the method of dissolution is specified, and it is not contended that such method has been pursued. As indicated in that section, such corporations may be dissolved by operation of law, but, if such provisions could be construed as referring to a dissolution by a court of equity, it certainly can not be interpreted as enlarging the recognized jurisdiction of courts of equity in such cases.

*2. SAME: statute.*

We reach the conclusion that no cause for the interference of a court of equity by the appointment of a receiver is made under the allegations of plaintiffs' petition, and the demurrer to the petition was properly sustained.

The judgment of the trial court is therefore *affirmed.*