M. H. McCarthy Company et al., Petitioners, v. Dubuque District Court, Respondent.

CERTIORARI: When Writ Lies—Refusing Appointment of Temporary
1 Receiver. Certiorari will not lie to review the discretion of the court in refusing the appointment of a temporary receiver to close up the affairs of a corporation whose charter has expired, especially when appeal would furnish an adequate remedy for a review of every question presented. (See Book of Anno., Vol. 1, Sec. 12456, Anno. 48 *et seq.*)

CERTIORARI: When Writ Lies—Appeal as Remedy. Certiorari will
2 not lie when an appeal will furnish an adequate remedy. (See Book of Anno., Vol. 1, Sec. 12713, Anno. 85 *et seq.*)

Headnote 1: 11 C. J. p. 107 (Anno.) Headnote 2: 11 C. J. p. 113.

*Certiorari to Dubuque District Court.*—P. J. Nelson, Judge.

April 6, 1926.

Original proceedings in this court on certiorari, to review the legality of the defendant's ruling dismissing the plaintiffs' petition for the appointment of a receiver to wind up the affairs of a corportion whose charter has expired.—*Writ annulled.*

*Kenline, Roedell, Hoffmann & Tierney,* for petitioners.

*Brown, Lacy & Clewell* and *Frantzen, Bonson & Gilloon,* for respondent.

Stevens, J.—The charter of the Central Lumber & Coal Company, an Iowa corporation, expired January 18, 1925, and has not been renewed. Since the above date, its assets and affairs have been in the possession and under the control of the board of directors and officers thereof.

On September 2, 1925, the M. H. McCarthy Company and T. H. McCarthy, who together own approximately one third of the common stock of the corporation, filed a petition in the office of the clerk of the district court of Dubuque County, praying the appointment of a receiver to wind up the business

and affairs of the corporation, and for an accounting. On the same day, the court fixed a date for hearing upon the application for a receiver, and prescribed a notice to be served upon the defendants, which included the corporation and remaining stockholders. The defendants appeared and filed answer, joining issue on the merits. The petition was entitled at the May term of the district court, which terminated after the conclusion of the trial. An original notice of the commencement of the action was also served upon all of the defendants, returnable at the October term of court. The trial consumed seven or eight days, during which a large amount of testimony was introduced by both parties. It appears from the evidence that the corporation, at the time of the expiration of its charter, owned and operated 50 lumberyards, most of which were located in this state; that the business of each of the several units was continued under the direction of the board of directors; that new obligations were incurred, for the purpose of securing money to continue the corporate affairs; that new material aggregating a large sum was purchased; and that large expenses were incurred in the operation of the several yards. The petition did not charge fraud on the part of the corporate officers nor the misappropriation in any other way of its assets. The real controversy between the minority and majority stockholders is over the method of winding up the corporate business, the majority contending that the assets can be better handled and disposed of by continuing, so far as possible, the business of the several units; whereas the plaintiffs contended that, so far as this was desirable, and legally possible, it should be done by a receiver, acting under the authority and direction of the court. At the conclusion of the trial, the court declined to appoint a receiver, and dismissed the action. The plaintiffs also asked that the defendants be enjoined from carrying out a contract entered into for the sale of some of the yards. This question has, by the abandonment of the contract, become wholly moot. Immediately following the dismissal of plaintiffs' petition, this proceeding was commenced in this court for a writ of certiorari, which was granted and issued.

The illegality alleged in the rulings of the court below,

of which complaint is made, was its refusal to appoint a receiver, and the dismissal of the cause of action without a final hearing on the merits. The hearing was before the court, and not before a judge in vacation. *Thompson v. Benepe,* 67 Iowa 79; *State v. Van Auken,* 98 Iowa 674; *Marengo Sav. Bank v. Byington,* 135 Iowa 151.

Section 12713, Code of 1924, authorizes the appointment of a receiver by the court, or by a judge in vacation, for certain purposes. This statute is as follows:

"On the petition of either party to a civil action or proceeding, wherein he shows that he has a probable right to, or interest in, any property which is the subject of the controversy, and that such property, or its rents or profits, are in danger of being lost or materially injured or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court, or, in vacation, the judge thereof, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action, and may order and coerce the delivery of it to him."

An effort was made in the court below, before the trial began, to secure an agreement on behalf of the plaintiffs to a trial of all of the issues upon the merits. Counsel for plaintiffs refused to consent thereto, preferring to limit the hearing strictly to the application for the appointment of a temporary receiver. This, counsel for petitioners contends in this court, was the full scope of the trial; whereas it is urged on behalf of the respondent that the trial was on the merits of the only issue tendered by the petition.

If the application for the appointment of a receiver was based wholly upon the grounds stated in the statute quoted above, and was for the appointment of a temporary receiver only, then it must be clear that the court had the right to exercise some discretion in passing upon the application. The duty of the court to appoint a receiver, under this statute, exists when it is satisfactorily shown that the interests of one or both

1. CERTIORARI: when writ lies: refusing appointment of temporary receiver.

of the parties will be thereby promoted, and the substantial rights of neither unduly infringed. The decision of the question as to whether the appointment would promote the welfare of the parties, and not infringe upon or impair the interests of either, was largely a question of fact. The court might err in its judgment as to the weight and effect of the evidence, or as to the wisdom or necessity of the appointment of a receiver; but error in this respect would not amount to an illegality reviewable on certiorari.

The real point urged by petitioners, however, is that the court was clothed with no discretion in the matter, and that it was its absolute duty to appoint a receiver to take charge of the assets of the corporation and wind up its affairs; the charter having expired and the entity passed out of existence, except for the limited purpose of converting the assets into cash, paying the corporate debts, and making distribution to the stockholders.

Section 8392 of the Code of 1924 authorizes corporations "whose charters expire by limitation or the voluntary act of the stockholders" to "continue to act for the purpose of winding up their affairs." This statute was clearly intended to enable corporations to dispose of their assets and to wind up their affairs without the intervention of a receiver, unless the appointment thereof should be necessary to preserve the assets and make disposition thereof, and to conserve and protect the interests of the creditors and the stockholders. *Muscatine W. R. Co. v. Horton*, 38 Iowa 33; *State v. Fogerty*, 105 Iowa 32; *Elson v. Wright*, 134 Iowa 634; *Stewart v. Pierce*, 116 Iowa 733; *Wisconsin & Ark. Lbr. Co. v. Cable*, 159 Iowa 81; *Muscatine Turn Verein v. Funck*, 18 Iowa 469; *Stockholders of Jefferson County Agri. Assn. v. Jefferson County Agri. Assn.*, 155 Iowa 634.

At the conclusion of the testimony and the argument of counsel, the court announced that in its judgment no good purpose would be served by the appointment of a receiver, and that the course pursued by the corporate officers was authorized by Section 8392. It will be observed that Section 8392 does not limit the time within which the corporate affairs must be closed.

Neither does it prescribe the method or manner of winding up the business. It is, however, well settled by the authorities that the corporate entity ceases upon the expiration of the charter, and that the corporation no longer has authority to carry on the business for which it was originally organized and chartered. It must proceed, acting through and by its appropriate officers, with reasonable speed at least, to wind up the corporate affairs. Nevertheless, a court of equity is not wholly deprived of the right to exercise some discretion in dealing with the facts bearing upon the question as to whether a receiver shall be appointed.

The authority of the court to dismiss a cause of action is statutory, and can only be exercised upon statutory grounds. The only ground upon which the court could properly have dismissed the cause of action was upon a trial on the merits. Section 11563, Code of 1924. Just what is comprehended by the term ''on the merits'' is not always easy of precise definition. *Rogers v. Rogers,* 37 W. Va. 407 (16 S. E. 633); *Bolin v. Southern R. Co.,* 65 S. C. 222 (43 S. E. 665); *Ordway v. Boston & M. Railroad,* 69 N. H. 429 (45 Atl. 243); *Northern Pac. R. Co. v. Barlow,* 20 N. D. 197 (126 N. W. 233); *Wolfe v. Georgia R. & E. Co.,* 6 Ga. App. 410 (65 S. E. 62).

Ordinarily, neither party can force a cause to trial on the merits prior to the term at which it is brought. Of course, a judgment or decree rendered upon a trial by consent of the parties would be on the merits, without the service of an original notice or regard to term; but just when, if ever, a full hearing upon an application for the appointment of a receiver before the court, without such consent, and prior to the term fixed for the appearance of the defendant, may, with his consent alone, be deemed a trial on the merits, is a different question.

The prayer of the petition for an accounting was based upon the assumption that a receiver would be appointed. These issues were in a large measure inseparable, and were disposed of by the refusal of the court to make the appointment. The only way by which the court could wind up the affairs of the corporation was by the aid of a receiver, a refusal to appoint whom left little for trial. The court evidently treated the trial as upon the merits, and the issues as all disposed of by its ruling on

the application for a receiver. Our conclusion makes it unnecessary to determine whether the court acted illegally or without jurisdiction in dismissing the petition.

It is provided by Section 12456, Code of 1924, that:

"The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy."

2. CERTIORARI: when writ lies: appeal as remedy.

This writ is issued only to review the acts of an inferior tribunal exercising judicial functions which has exceeded its proper jurisdiction, or has acted illegally, and there is no plain, speedy, and adequate remedy at law. The writ will never be granted to review an act by such inferior tribunal which involved the exercise of discretion. The office and functions of the writ and the scope of the review permitted in a proceeding thereon have been often considered and defined by this court. *Smith v. Board of Supervisors*, 30 Iowa 531; *Tiedt v. Carstensen*, 61 Iowa 334; *Butterfield v. Treichler*, 113 Iowa 328; *Home Sav. & Tr. Co. v. District Court of Polk County*, 121 Iowa 1; *Davis v. Preston*, 129 Iowa 670; *Hemmer v. Bonson*, 139 Iowa 210; *Finn v. Winneshiek Dist. Court*, 145 Iowa 157; *Lehigh S. P. & T. Co. v. Lehigh Prod. Co.*, 156 Iowa 386; *Dalton v. Calhoun County Dist. Court*, 164 Iowa 187; *Jewett v. Ayres*, 167 Iowa 431; *Timonds v. Hunter*, 169 Iowa 599; *Ebert v. Short*, 199 Iowa 147.

No question is presented in this proceeding that could not have been raised by petitioners on appeal. This remedy was adequate, and the cause could have been as speedily disposed of on appeal as by this proceeding, if the importance of the matters involved made an early decision necessary. An appeal is, in fact, now pending in this court.

It is our conclusion that, as plaintiffs have an adequate, complete, and speedy remedy by appeal, a writ of certiorari will not lie to review the rulings of the court complained of. The writ is, therefore, annulled.—*Writ annulled.*

De Graff, C. J., and Faville and Vermilion, JJ., concur.