HENRY SAMEK et al., Petitioners, v. H. E. TAYLOR, Judge, et al., Respondents.

**JUDGMENT:** **Entry—Nunc Pro Tunc Correction—Appeal as Sole Remedy.** The *nunc pro tunc* correction of an unsigned decree in order to make it conform to the original order of the court, such correction being made on motion, service, and appearance of all parties, is a finality, in the absence of an *appeal* therefrom. (See Book of Anno., Vol. 1, Sec. 10803.)

**CERTIORARI:** **When Writ Lies—Sua Sponte Determination by Court.** The court, having issued a writ of certiorari, will, on the final hearing, determine whether the writ is allowable, even though such question is not raised by the party litigants.

Headnote 1:  3 C. J. p. 520.  Headnote 2:  11 C. J. p. 196 (Anno.)

Headnote 2:  5 R. C. L. 254.

*Certiorari to Clayton District Court.*—H. E. TAYLOR, Judge.

MAY 10, 1927.

Proceeding in certiorari, to test the validity of a *nunc pro tunc* order entered by the respondent judge, correcting a judgment entry signed by him at a prior term of court. The opinion states the facts.—*Writ annulled.*

*R. J. Sullivan* and *E. R. Acres,* for petitioners.

No appearance for respondents.

DE GRAFF, J.—On October 14, 1924, Henry Samek and Mary R. Samek, husband and wife, commenced an action against F. G. Drahn, as road superintendent of Giard Township, Clayton

1. JUDGMENT: entry: *nunc pro tunc* correction: appeal as sole remedy.

County, Iowa, to enjoin said road superintendent from in any manner removing or interfering with a certain fence along the public road or highway known as Road No. 899. The plaintiffs in said action are the owners in fee simple of Lots 70, 71, and 114 of Basil Giard Claim No. 1 in Giard Township aforesaid. On April 7, 1910, a public highway 40 feet in width, known as Road No. 899, was established along the west line of Lots 114 and 70, and also along the north line of Lots 70 and 71. Said lots are square tracts of land of about 40 acres each. They lie in an ''L'' shape, with Lot 70 directly north of Lot 114, and Lot 71 directly east of Lot 70, so that Road No. 899 extended about one-fourth mile along the west side of said Lots 114 and 70, and then turned east, and extended about a mile along the north side of Lots 70 and 71.

Shortly after said road was established, it is alleged by plaintiffs in the original action, they built and maintained their line fence on the east side of said road where it borders Lot 114, and also built and maintained their line fence on the south side of said road where it borders Lots 70 and 71, and that they have ever since maintained said fence; and, as a basis for their prayer for injunction, they state that the road superintendent ''does now threaten to tear down and remove said fence, and did orally notify one of the plaintiffs on October 11, 1924, that, if the fence was not removed at once, that he would remove the same.''

The defendant Drahn, as road superintendent, filed answer to the petition of plaintiffs, admitting ownership of the land in the plaintiffs, the establishment of the public highway, and that, as road superintendent, he had threatened to tear down and remove said fence, and had given notice to the plaintiffs to forthwith remove said fence. Further answering, he denied that the plaintiffs had built and maintained their line fence, as alleged, and further stated that the fence of plaintiffs obstructs the public highway known as Road No. 899, and that the defendant

did propose to remove the said fence, acting in his official capacity as road superintendent, and pursuant to an order by the trustees of Giard Township.

The township of Giard, by its trustees, filed a petition of intervention in said cause, in which it is alleged that the said fence as now maintained by plaintiffs is not the same as was originally constructed, and moreover that plaintiffs never maintained a fence on the road line between the property and said Road No. 899; but that, in truth and in fact, the said road as established is 40 feet in width; and that the plaintiffs have encroached thereon to such an extent that the road is now at some points less than 25 feet in width; and that the same cannot be safely traveled.

Due notice of the filing of said petition of intervention was served upon the plaintiffs, and an order was entered, fixing the time for hearing thereon. Thereafter, on the 13th day of April, the cause came on for hearing, and on the 30th day of April, 1926, a decree was entered, which recites the ownership of the lots in question in the plaintiffs, and makes certain other findings respecting the establishment of the highway in question and the location of the fence in question, and that:

"The said new fence lies some 3 or 4, to as much as 16 feet, and probably more, west of the first fence by plaintiffs erected; that the plaintiffs have refused to remove the said fence to the place where same belonged, to wit: 40 feet from the fence now standing, and which was standing at the time said road was established, and which marked the westerly boundary of said road as established, opened, and traveled."

The decree enjoined the plaintiffs from maintaining the fence they had erected on and over the easterly part of Road No. 899 where same runs north and south over Lot 114, and from interfering with the interveners in the performance of their duties in connection with the opening, working, and maintaining said road as in their judgment seems best; and the plaintiffs are ordered, directed, and enjoined "to remove their said fence from the said Road No. 899 within 40 days after the service of this injunction upon them, and to vacate the possession now claimed and held by them of said Highway No. 899 throughout its full width, and over so much thereof as extends over the westerly side of Lot 114, of which said road the westerly boundary coin-

cides with the fence which was standing on the westerly side thereof when said road was established.''

In September, 1926, a motion was filed on behalf of the intervener for a *nunc pro tunc* order, to correct the decree made and entered in said cause of date April 30, 1926. It was prayed that the decree theretofore entered be corrected by entering therein a description of all that part of Road No. 899 which touches Lots 70, 71, and 114, and that the plaintiffs be perpetually enjoined from maintaining a fence on any part of said Road No. 899 where the same touches said lots, and from interfering with the interveners in the discharge of their duties toward the maintenance and care of said road, and that plaintiffs be ordered and directed to remove their fence from all parts of said Road No. 899, so as to leave the same 40 feet in width, and that ''they be ordered to remove the fence being maintained by them on April 30, 1926, over the westerly part of Lots 70 and 114 to a point 40 feet east of that fence which was standing upon and marked by the westerly boundary of said Lots 70 and 114 when said Road No. 899 was established.''

Due and legal notice of said motion was served upon the plaintiffs, and a time was fixed for hearing of said motion. Objections were filed by plaintiffs to said motion, wherein it is recited that the decree previously entered was an adjudication and a bar to this attempt on the part of the intervener to reopen and inject a matter which was not originally tried, and that the allegations of neither the plaintiffs' petition nor the petition of intervention warrant or authorize the relief prayed.

On November 5, 1926, the motion for a *nunc pro tunc* order, with objections and resistance thereto, was submitted, and the court sustained said motion. This ruling provoked the filing of the instant petition in certiorari. The return filed by the respondent court states that the record made in the district court on date of April 30, 1926, ''has not been signed, conforming to order made by this court on said date, and said decree has not been signed by this court or the judge thereof; ordered that the clerk correct and extend the record so as to conform with the order of this court made on April 30th, 1926, and time for completing removal of fence is extended until noon of November 13, 1926.''

The record facts clearly show that the subject-matter was

within the jurisdiction of the court. The parties to this action entered their appearance. The question whether or not the available remedy was by appeal, and not by certiorari, is not suggested in argument; but this court, having issued the writ in the first instance, may now, with the record before it, determine whether certiorari is the proper remedy.

2. CERTIORARI: when writ lies: *sua sponte* determination by court.

The primary contention of the petitioner is that there was no controversy regarding the line fence on the west side of Lot 70, and that the issues dealt with the west side of Lot 114 and the north side of Lots 70 and 71.

Due and legal notice was given to the adverse party of the instant motion for a *nunc pro tunc* order, correcting the decree previously entered. The motion was resisted by the petitioners herein, and, in this sense, issues were joined. The motion was sustained, and the decree was corrected. No appeal was taken from this ruling. If the trial court had jurisdiction and authority to correct the entry, it must be accepted as a verity. *Hofacre v. City of Monticello*, 128 Iowa 239. See Sections 10798–10803, Code of 1924.

It is clear that the plaintiff had the right of appeal, and should have appealed. The order of the court is, therefore, sustained and the writ annulled.—*Writ annulled*.

EVANS, C. J., and ALBERT, MORLING, and KINDIG, JJ., concur.