H. A. EDWARDS, Petitioner, v. R. G. POPHAM, Judge, Respondent.

JUNE 26, 1928.

*C. A. Robbins,* for petitioner.

*Wallace Claypool,* for respondent.

FAVILLE, J.—On January 15, 1907, one Hughes obtained a judgment in the district court of Iowa County, Iowa, against the petitioner, Edwards, and his wife. Petitioner is a resident of Madison County, Iowa. Hughes died in the state of California

after said judgment was rendered. Proper application was made to the district court of Iowa County for the appointment of an administrator, and on November 16, 1926, the respondent, as judge of said court, made an order in probate, appointing an administrator of the estate of said Hughes in said county. The administrator caused execution to issue upon the said judgment, and a garnishment was made thereunder. Judgment was entered in said garnishment proceedings, condemning the funds in the hands of the said garnishee to the payment of said judgment. This proceeding is brought in certiorari, to test the jurisdiction of the respondent, as judge of the probate court, to enter an order appointing an administrator of the estate of said decedent in Iowa County, where the judgment was entered.

Section 10763, Code of 1924, provides as follows:

"The district court of each county shall have original and exclusive jurisdiction:

"1. To probate the wills of, and to grant administration upon the estates of, all persons who at the time of their death were residents of the county, and of nonresidents of the state who die leaving property within the county subject to administration, or whose property is afterwards brought into the county."

Section 63 of the Code provides:

"9. The words 'personal property' include money, goods, chattels, evidences of debt, and things in action.

"10. The word 'property' includes personal and real property."

In *Gilman v. Heitman*, 137 Iowa 336, we said:

"Some question is raised in oral argument as to what is the situs of a judgment for the purposes of this discussion. We find no authority directly in point, but it seems to be established that, for purposes of administration, it has been held that a judgment is an asset at the place where record thereof is found. See 13 Am. & Eng. Ency. Law, 924, and note. And, while such rule may be somewhat arbitrary, it is perhaps as nearly accurate as the nature of the property will admit. We can conceive of no theory upon which we may say that a judgment which has been entered in the office of the clerk of the district court has a situs

for the purposes of attachment or for any other purpose in every township in the county. It has frequently been held that a judgment duly entered is in the nature of a contract of record. *Spilde v. Johnson,* 132 Iowa 484. It is also a well-established rule that, where debts are evidenced by a written instrument, the situs of the property therein is the place where the instrument is held or found, and, by analogy to the rule applied in cases of like character, we think it may fairly be said that the situs of a judgment for the purposes of the statute now under consideration shall be held to be at the place of its record entry."

The rule announced in the cited case is consistent with our statutory provisions. Cases from other states where there are statutes differing from ours are not controlling. See, however, *Vaughn v. Barret,* 5 Vt. 333 (26 Am. Dec. 306); *Manning v. Leighton,* 24 L. R. A. 684, note.

The probate court of Iowa County, where the judgment was entered, had jurisdiction to appoint an administrator of the estate of the nonresident decedent, who was the judgment plaintiff in said action.

Other matters argued by petitioner cannot be reviewed on certiorari. *Dickson Fruit Co. v. District Court,* 203 Iowa 1028; *Samek v. Taylor,* 203 Iowa 1064.

We find no error in the record warranting interference on our part, and the writ of certiorari is annulled.—*Writ annulled.*

Stevens, C. J., and Evans, Kindig, and Wagner, JJ., concur.