ANN MCEVOY, Plaintiff, v. W. S. COOPER, Judge, et al., Respondents.

No. 39694.

JUNE 24, 1929.

*Swan, Martin & Newton,* for plaintiff.

*Carl P. Knox,* for respondents.

WAGNER, J.—On December 2, 1927, the relator, Ann Mc-Evoy, executed unto her two sons, Dennis V. McEvoy and Leo J. McEvoy, as trustees, the following deed of conveyance:

"Know All Men by These Presents: That I, Ann McEvoy widow, of the city of Stuart, Guthrie County, Iowa, in consideration of the sum of one ($1.00) dollar, and other good and valuable consideration in hand paid, do hereby sell, transfer and convey to Dennis V. McEvoy and Leo J. McEvoy, as trustees, for the uses and purposes hereinafter set forth, the following described real estate situated in the counties of Cass and Guthrie, and state of Iowa, to wit: The east half of the northeast quarter of Section seven (7), and the west half of the northwest quarter of Section eight (8), all in Township seventy-seven (77) north, Range thirty-seven (37) west of the 5th P. M., Cass County, Iowa; and Lots seven (7) and eight (8) in Block two (2), in Ken-

worthy's Second Addition to the town of Stuart, Guthrie County, Iowa.

"The condition of this trust deed is as follows: The trustees are to collect the rents and profits of said real estate during the lifetime of Ann McEvoy, and to account to her for the net profits thereof, and if necessary, in order to keep said real estate properly improved and to pay any debts and charges existing against Ann McEvoy, or the estate of Lawrence McEvoy, deceased, and to properly care for, maintain and support the said Ann McEvoy, said trustees are authorized to borrow money upon the lands situated in Cass County, Iowa, and for that purpose to execute a mortgage on the same, or if in their judgment they deem it advisable, they may sell said Cass County land and invest the net proceeds thereof in approved securities, the annual interest to be used for the care, maintenance and support of the said Ann McEvoy, or they may use any part of the principal sum received from the sale of said land for her care, maintenance and support.

"At the date of the death of the said Ann McEvoy, any sum or sums that may be remaining in the hands of the trustees, after the payment of her funeral expenses and other charges, is to be divided into six equal shares; one of said shares to be paid to Katherine Muldoon; one of said shares to Elizabeth J. Wolfe; one of said shares to Dennis V. McEvoy; one of said shares to Leo J. McEvoy; one of said shares to Mary Hamilton, and one of said shares to be paid share and share alike to Cecil Murphy, Frank Murphy and Norine Murphy, or to the survivors of the said Murphy children, providing that either one of the three Murphy children died without leaving issue, and if leaving issue, to be paid to such issue.

"Before making a division of the net proceeds from all of the real estate described herein, there shall be first paid to W. J. Conroy of Stuart, Iowa, the sum of five hundred ($500.00) dollars, providing that said sum of five hundred ($500.00) dollars does not exceed one seventh of the net proceeds of said property as ascertained by said trustees after the date of the death of Ann McEvoy, in which event the said W. J. Conroy shall only receive one seventh of the net proceeds.

"In the event that the trustees herein find it necessary to sell any and all of the real estate described herein situated in

Cass County before the death of the said Ann McEvoy, they shall, before making said sale, report the same to the district court of Guthrie County, Iowa, and give a good and sufficient bond for the faithful performance of their duties herein.''

On August 11, 1928, Dennis V. McEvoy and Leo J. McEvoy, as trustees, commenced an action against Ann McEvoy and others, in the district court of Guthrie County, alleging in their petition that they are the absolute and unqualified owners, as trustees, in fee simple of all the real estate described in the aforesaid deed; that they, as trustees, became the owners of said real estate by virtue of a deed of conveyance made to them by Ann McEvoy, which deed was executed and delivered on December 2, 1927 (a copy of the deed is attached to and made a part of the petition); that the defendants are making a claim adverse to the interest of the plaintiffs in and to said real estate; that the defendants Hamilton are in possession of the real estate located in Cass County, but that they are tenants only; that the defendant Ann McEvoy is in possession of the real estate located in Guthrie County, and her right of possession is that provided for in the aforesaid deed; that there is something like $700 indebtedness against the estate of Lawrence McEvoy, deceased, which remains unpaid; that the defendant Ann McEvoy is also indebted upon promissory notes which are drawing 8 per cent interest; that the plaintiffs, as trustees, endeavored to negotiate a first mortgage upon the real estate situated in Cass County for $3,000 at 5 per cent interest, in order to take up the indebtedness owed by the defendant Ann McEvoy, and in order to pay all the debts and charges existing against the estate of Lawrence McEvoy, deceased, but they are unable to negotiate such a loan, by reason of the fact that the defendants are claiming title to all of the real estate situated in both Cass and Guthrie Counties; that plaintiffs, as trustees, should be authorized by an order of the court to negotiate a mortgage upon the Cass County land, or else they should be authorized, by an order of the court, to sell said Cass County land, and from the net proceeds of the loan, or from the sale of said land, they should be authorized, as trustees, to pay all the debts and charges against the defendant Ann McEvoy, and the debts and charges against the estate of Lawrence McEvoy, deceased, and

that the court should fix the amount of bond to be given by the plaintiffs, as provided for in the trust deed. The prayer of their petition is as follows:

"Wherefore, plaintiffs pray judgment and decree of this court quieting the title to the real estate described herein in these plaintiffs against any and all claims of the defendants herein, except such claims as are provided for in the trust deed referred to and described in these proceedings, and that the defendants be forever barred and estopped from having or claiming to have any rights, title, or interest in and to all the real estate described herein, and that plaintiffs have judgment against the defendants for the costs of this action, and that plaintiffs be authorized and directed to either mortgage said Cass County land or to sell the same, as may seem advisable to the court, and for such other and additional relief as to the court may seem equitable and just."

Ann McEvoy appeared in said action and filed her sworn answer, alleging therein that she is now residing with her daughter, Mary Hamilton, in Cass County, and that the execution and delivery by her of the aforesaid deed were the result of fraud practiced upon her by Dennis V. McEvoy and Leo J. McEvoy and their attorney. She prays for the dismissal of plaintiffs' petition and the cancellation of said trust deed, and that the title to all the real estate be quieted in her. Concurrently with the filing of her verified answer, she filed a motion or application, alleging therein that the fraud pleaded in her answer constitutes a complete defense to the action, and that she is a resident of Cass County, and praying therein that, under Section 11411 of the Code of 1927, she be given a change of venue to Cass County. Said motion is supported by her affidavit. To the aforesaid motion for change of venue, the plaintiffs in said cause of action filed a resistance, alleging therein that the action, as shown by the pleadings, is not an action brought upon a written contract, and by the terms of said contract is to be performed in no particular county; that the action is brought to quiet title to real estate situated in both Guthrie and Cass Counties; that, at the time of the action, the said Ann McEvoy was an actual bona-fide resident of Guthrie County. In passing upon the motion for change of venue, the court made the following ruling:

"Now, on this 3d day of November, 1928, this cause came on for hearing, motion for change of place of trial overruled. Defendant excepts."

It is the contention of the relator that the district court, in overruling the motion, exceeded his jurisdiction, and that said action constituted an illegality for which she is entitled to relief by certiorari under Section 12456 of the Code. She relies on Section 11411 of the Code, which provides:

"In an action brought on a written contract in the county where the contract by its express terms is to be performed, in which a defendant to said action, residing in a different county in the state, has filed a sworn answer alleging fraud in the inception of the contract constituting a complete defense thereto, such defendant, upon application and the filing of a sufficient bond, may have such action transferred to the district court of the county of his residence."

The question naturally arising is, Is plaintiffs' action upon a written contract which by its express terms is to be performed in Guthrie County, if it be conceded, arguendo, that the relator is a resident of Cass County? Plaintiffs' action is to quiet the title to the real estate in both Guthrie and Cass Counties. Under Section 11034 of the Code, actions for the recovery of real property or an interest therein, or for the determination of such right or interest, must be brought in the county in which the real estate or *some part* thereof is situated. Therefore, the action to quiet title to the real estate was properly brought in Guthrie County. The deed upon which the relator relies as constituting a written contract, within the purview of Section 11411 of the Code, had been executed and delivered by her. It does not specify any place of performance. While it provides that the trustees are to collect the rents and profits of the real estate and account to the relator for the net profits thereof, etc., it is nowhere mentioned therein where said acts are to be performed. While it also provides for the borrowing of money upon the Cass County land for the purposes therein mentioned, and the execution of a mortgage, as security for the loan, there is no place of performance mentioned in the deed. While it further provides that they may sell said Cass County land and invest the net proceeds thereof in

approved security, the annual interest to be used for the care, maintenance, and support of the relator, or that they may use any part of the principal sum received from the sale of the land for her care, maintenance, and support, yet there is no place of performance mentioned in the deed. While it provides for the distribution of the proceeds remaining in the hands of the trustees after the death of Ann McEvoy, there is no place of performance specified therein. While it still further provides that, in the event of a sale of the Cass County land, report of said sale shall be made to the district court of Guthrie County, yet there is no place specified for the performance of any of the obligations of the contract. The action to quiet title was properly begun in Guthrie County, and it is apparent that the provisions of Section 11411 of the Code are of no avail to the relator in procuring a change of venue, as prayed.

Moreover, the relator neither filed nor offered to file a bond. The filing of a sufficient bond is required by said section before she would be entitled thereunder to a change of venue.

Moreover, the plaintiffs in the quieting title action, by their resistance to the relator's motion for change of venue, put in issue her place of residence. The court had before it the oral testimony of the plaintiffs upon that question, from which the court could have found that the relator was a resident of Guthrie County, and only temporarily absent. The house formerly occupied by her in Stuart, Guthrie County, is fully equipped and furnished, just as it was at the time when she went to her daughter's in Cass County, some months before, and she retains the key to said house. From the form of the ruling it cannot be ascertained what prompted the respondent judge in making the ruling. For aught that appears, he may have found that the relator was a resident of Guthrie County. The issue as to her residence is one of fact. The district court had jurisdiction to determine that question of fact, and although it may have erred in determining said question, yet the court had jurisdiction, and relief from any such error cannot be had by certiorari.

It is not the purpose of the statute, Section 12456, to change the office of a certiorari so that it will operate as an appeal wherein questions of fact may be tried and determined *de novo*. See

656

*Tiedt v. Carstensen,* 61 Iowa 334; *Darling v. Boesch,* 67 Iowa 702.

For the foregoing reasons, the action of the trial court in overruling the relator's motion for change of venue is not shown to constitute an illegality, within the meaning of Section 12456 of the Code, and the same is hereby affirmed, and the writ discharged.—*Writ discharged.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.