BEN ADAMS, Petitioner, v. R. W. SMITH, Judge, Respondent, and HENRIETTA L. WILSON, Defendant.

No. 41898.

OCTOBER 17, 1933.

Prichard & Prichard, and Valentine & Valentine, for petitioner.

Elgin & Simmons, for defendant.

STEVENS, J.—On November 4, 1931, Henrietta L. Wilson commenced an action in the district court of Appanoose county against ·Ben Adams. The petition, as amended, is in three counts. On April 1, 1932, the defendant Ben Adams filed a motion for a change of venue from Appanoose to Monona county. This motion was supported by the affidavit of the defendant affirming that he is a resident of the latter county. A few days later, the plaintiff Henrietta L. Wilson filed an amendment to her petition, making Stella Adams, the former wife of Ben Adams, a party defendant. The defendant Ben Adams amended his petition for change of venue, attaching thereto his own affidavit to the effect that Stella Adams is a resident of Polk county and also a portion of the transcript of her testimony in the divorce action, in which it is claimed Stella testified that she then was a resident of Polk county. As a part of the plaintiff's resistance to the motion for a change of venue, plaintiff offered the affidavit of Stella Adams in which certain facts are stated as to her residence and, in substance, claiming her residence in Appanoose county.

One of the remaining grounds relied upon by the plaintiff in resistance to the motion for change of venue, is that plaintiff's action is based upon a written lease signed by both Ben and Stella Adams, and that it was to be performed in Appanoose county. In count one of the petition, recovery is asked for rent for the leased premises and for certain items of account, some of which were stricken on motion of the defendant. Count two alleges a cause of action upon several items of account, and also asked recovery for damages. In count three numerous items are referred to, and, in addition thereto, judgment is asked for $225 for damages resulting from the tearing down of a ·cattle shed and to a barn located on the leased premises. The motion for change of venue was overruled,· whereupon this original proceeding in certiorari was commenced in this court.

The three primary propositions relied upon by respondent to sustain the ruling complained of are: (a) that the action against Ben Adams is joined with a resident of Appanoose county, (b) that count three of the petition presents a cause of action for damages to real property, and (c) that the contract, by its terms, is to be performed in Appanoose county.

Section 11039 of the Code of 1931 fixing the place for the commencement of actions is as follows:

"Should such action be brought against a resident of this state in any other county than that of his residence, he may have the place of trial changed to the district court of the county wherein he resides, in the same manner and upon the same terms as provided in section 11053, and the property attached shall not be released because said action was brought in the wrong county, but shall be held and subject in the same manner as if said action had been brought in the county of defendant's residence."

Section 11049, which is material to this controversy, is as follows:

"Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence in the state, they may be sued in any county in which either of them may be found."

Section 11035, which fixes the place of commencing actions for injuries to real property, is as follows:

"Actions for injuries to real property may be brought either in the county where the property is, or where the defendant resides."

It is conceded by the respondent that the petitioner Ben Adams is a nonresident of Appanoose county and a resident of Monona county. Numerous propositions are argued by counsel which, in view of the conclusion reached, we deem it unnecessary to discuss. The motion for change of venue was filed before -answer, and the claim of waiver urged by respondent is without merit. Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261.

One of the remaining propositions urged by petitioner is that no cause of action is pleaded against Stella Adams, and that, while she did sign the lease, it, in truth, imports no liability against her. This question cannot be properly raised on certiorari. Armstrong v. Borland, 35 Iowa 537.

The question whether she was in fact a resident of Appanoose county was submitted to the trial court upon affidavit, as previously stated. This was a question of fact which had to be determined upon the proof filed by the respective parties. If Stella Adams is a resident of Appanoose county, then, under the statute already quoted, the action was properly brought therein. It is provided by section 12456 that:

"The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy."

Stella Adams has not asked for a change of the place of trial. This is material only in so far, if at all, as it has bearing on the right of petitioner to have such change. The affidavit of Stella Adams is equivocal, and the court could, we think, properly have found that she is not a *bona fide* resident of Appanoose county. Such finding must, however, have been based upon the proof introduced. The ruling of an inferior tribunal, board, or officer exercising judicial functions may be reviewed on certiorari in this court when such inferior tribunal, board, or officer has exceeded his proper jurisdiction or has otherwise acted illegally. The question here presented is not alone whether petitioner is a nonresident of Appanoose county. That is conceded. If he is joined in the action with a resident of Appanoose county, the action was properly brought therein; that is to say, if it were admitted that Stella Adams is a resident of Appanoose county, the motion for a change of the place of trial would have to be overruled. This is not only not admitted, but it is controverted by the affidavit of Ben Adams. An issue of fact or of law was therefore presented to the court for decision. Both parties invited the court to rule on the fact question. Clearly the court had jurisdiction to rule thereon. Did it by overruling the motion otherwise act illegally? It is well settled that this court will not review the erroneous ruling of an inferior officer or body on certiorari. Iowa L. & T. Co. v. District Court, 149 Iowa 66, 127 N. W. 1114; Lex v. Selway Steel Corporation, 203 Iowa 792, 206 N. W. 586; Holcomb v. Franklin, 212 Iowa 1159, 235 N. W. 474; Ryan v. Hutchinson, 161 Iowa 575, 143 N. W. 433; Tiedt v. Carstensen et al., 61 Iowa 334, 16 N. W. 214; McEvoy v. Cooper, 208 Iowa 649, 226 N. W. 13. Likewise, questions of fact will not be determined on certiorari. Tiedt v. Carstensen, supra; McEvoy v. Cooper, supra. The remedy in such case is by appeal. Kell v. Lund, 99 Iowa 153, 68 N. W. 593; Wagner v. Glick, 177 Iowa 623, 159 N. W. 233; Bennett v. Carey, 57 Iowa 221, 10 N. W. 634; Mayer v. Woodbury & Strahm, 14 Iowa 57.

The ground upon which the court overruled the motion is not shown in the abstract. It may have been either upon the ground

that Stella Adams is a resident of Appanoose county or that because the action pleaded in count three is to recover damages for injuries to real estate. Whether the conclusion reached was erroneous or not, the court did have jurisdiction to find that the residence of Stella Adams is in Appanoose county. The conclusion reached may have been ever so erroneous, but it was not in excess of the court's jurisdiction or otherwise illegal within the meaning of section 12456 of the Code.

II. It is difficult to accurately determine whether the cause of action alleged in count three is based upon contract or is for damages to real property. It is clear that the specific relief prayed is, in part, for damages. The court could have properly so found. The question suggested may not be determined on certiorari. Clearly the court had jurisdiction to find that the relief sought was for damages to real property. Such actions may be prosecuted in the county where the real estate is situated. The motion for change of venue is of the action as a whole. Whether, so far as this question is concerned, the motion should have been sustained to the remaining counts of the petition, we have no occasion at this time to determine.

III. The written lease signed by petitioner and Stella Adams does not, in terms, provide a place of performance. This is sought to be established by implication. This cannot be done. The writing must so provide in express terms. Bechtel v. District Court of Worth County, 215 Iowa 295, 245 N. W. 299; Baldwin v. Munger, 200 Iowa 32, 204 N. W. 417; Wixom v. Hoar, 158 Iowa 426, 139 N. W. 890.

Petitioner may ultimately have his right to a change of venue determined on appeal should plaintiff recover upon the trial of the cause of action. This remedy is adequate.

Further discussion of the questions argued is unnecessary. It follows from what has already been said that the writ must be, and it is, dismissed.—Writ dismissed.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.