JOSEPHINE H. KOMMELTER, Petitioner, v. DISTRICT COURT of Wapello County et al., Respondents.

No. 44497.

JUNE 21, 1938.

Robert J. Shaw, for petitioner.

E. J. Grier, County Attorney, and John F. Webber, Asst. County Attorney, for respondents.

ANDERSON, J.—This is an action purely and simply to review an alleged error made by the respondent as district judge in the district court of Wapello County, Iowa. In view of our disposition of the appeal it will not be necessary to make an extended statement of facts. However, it appears that the grand jury of Wapello County while in regular session in April 1938, investigated certain charges against one A. F. Beck involving an alleged embezzlement from a corporation or corporations of which he was an officer, and in connection with such investigation the petitioner in this case, Josephine H. Kommelter, was called and appeared as a witness. It is disclosed, however, that petitioner was not interrogated before the grand jury as to any matters involving her own misconduct or criminality. However, she claims that by her involuntary appearance and examination before the grand jury that she should receive immunity from a charge of falsifying corporate records.

The grand jury completed its work and was discharged on the 11th day of April, 1938. On the 22nd day of April, 1938, the county attorney of Wapello County filed in the office of the clerk of the district court a county attorney's information charging the petitioner, Josephine H. Kommelter, with the crime of falsification of corporate records, which information was approved by the district judge as by law provided, and had indorsed thereon the names of nine witnesses and contained a brief synopsis of the testimony of each witness.

The defendant upon arraignment first pleaded not guilty and later this plea was withdrawn and a motion to dismiss the information was filed. The motion is based upon many grounds. However, it will not be necessary to consider these grounds as we propose to dispose of the appeal in another manner. The motion to dismiss the information was, upon submission, overruled by the court and, following such ruling, a petition for a writ of certiorari was filed in this court. The writ was issued and return made thereto. Petitioner is complaining as to the correctness of the ruling of the trial court overruling the motion to dismiss. The only error assigned is that "The court erred in overruling petitioner's motion to dismiss information."

It will be observed that no claim is made as to a want of jurisdiction or that the court exceeded its proper jurisdiction, or otherwise acted illegally, and the question that it is sought

to have this court decide in this proceeding is one clearly involving an error of law only.

No question is raised in the briefs as to the propriety of reviewing the claimed erroneous action of the trial court by certiorari, in fact the respondents state in their brief that they are "not questioning the propriety of the bringing of this action by certiorari as the respondents are satisfied in having a judicial determination of the questions raised."

We have many times held that this court, having issued a writ of certiorari, will, on final hearing, determine whether the writ is allowable, even though such question is not raised by the parties litigant. Dickson Fruit Co. v. District Court, 203 Iowa 1028, 213 N. W. 803; Samek v. Taylor, 203 Iowa 1064, 213 N. W. 801, and cases cited; and Morrison v. Patterson, 221 Iowa 883, 267 N. W. 704.

The statute, section 12456, providing for the writ, provides that the writ may be granted "in all cases where an inferior tribunal * * * is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, *and there is no other plain, speedy, and adequate remedy.*" [Italics supplied.]

In Morrison v. Patterson, supra, we said, speaking through Justice Kintzinger [page 886]:

"Under this statute [Section 12456], two matters must be shown before a writ can issue: (1) That the lower court has exceeded its proper jurisdiction or is otherwise acting illegally; and (2) that there is no other plain, speedy, and adequate remedy. Both must be established to justify the writ." We further held in that case, that where the court has jurisdiction of the subject matter the remedy for an alleged erroneous ruling is by appeal, and we used the following language: "We have repeatedly held that where there is another plain, speedy, and adequate remedy, no writ shall issue."

McCarthy Co. v. District Court, 201 Iowa 912, 208 N. W. 505; Hoskins v. Carter, 212 Iowa 265, 232 N. W. 411; Collins v. Cooper, 215 Iowa 99, 244 N. W. 858; Adams v. Smith, 216 Iowa 1365, 250 N. W. 466; Main v. Ring, 219 Iowa 1270, 260 N. W. 859. We have also repeatedly held that this court will not review the erroneous ruling of an inferior tribunal on certiorari. Holcomb v. Franklin, 212 Iowa 1159, 235 N. W. 474; McEvoy v. Cooper, 208 Iowa 649, 226 N. W. 13; Main v. Ring, supra.

276

We further held in the Morrison v. Patterson case, supra:

"If the court had jurisdiction, it had the right to rule one way or another. In such event, although the rulings may have been erroneous, they cannot be made the subject of review in certiorari. The writ of certiorari performs none of the functions of the writ of mandamus, and cannot be used for an appeal."

We are constrained to hold, in view of the prior holdings of this court, that the writ of certiorari should not have been issued in this case, and that the proper remedy would have been by appeal. However, we have examined the record and the briefs and have concluded that had the matter been presented by appeal, as it should have been, a different result would not have been reached.—Writ annulled.

STIGER, C. J., and KINTZINGER, MITCHELL, DONEGAN, MILLER, and SAGER, JJ., concur.

HAMILTON, J., takes no part.