JOE UHL, Petitioner, v. DISTRICT COURT OF MONONA COUNTY et al., Respondents.

No. 45875.

March 17, 1942.

Welch, Acrea & Welch and B. H. Morrison, for petitioner.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and Elbert M. Prichard, for respondents.

OLIVER, J.—Petitioner was indicted by the grand jury of Monona county for obstructing a drain or watercourse. He moved to set aside and quash the indictment upon the ground that a person not permitted by law was present before the grand jury during the investigation of the charge, contrary to the provisions of subdivision 6 of section 13781, Code of Iowa, 1939. The motion alleged that the county attorney was attorney for a private party in a pending proceeding based upon substantially the same facts as the indictment, that he was, therefore, within the prohibition of Code section 5180.3, and that he was present before the grand jury during the investigation of the charge, in contravention of section 13781. After a hearing, at which evidence was introduced, the district court overruled said motion. To review said order petitioner has instituted this original proceeding in certiorari against said district court and D. C. Browning, judge thereof.

Petitioner and Brenner, the prosecuting witness, have owned adjoining farms for many years. There was an injunction suit between them in 1925, involving the blocking or diversion of surface waters. The decree ordered Brenner to remove a dam from a ditch. Although this ditch was along a line other than that described in the indictment against petitioner it was contended there was evidence that it involved the same watershed. The present county attorney had no connection with that case. However, in 1937, he appeared for Brenner in answer to a show-cause order for alleged violation of the 1925 decree. That proceeding was terminated by a court order dismissing the application for contempt and reciting an agreement in open court con-

cerning the ditch there involved. That was the only matter in which the present county attorney represented Brenner, and it was entirely closed in 1937. The indictment against petitioner was returned in 1940. Perhaps it should be said that before the indictment was voted the county attorney frankly informed the grand jury of his former connection with the civil suit and told them he did not like to give them an opinion on the matter.

Respondent has moved to annul the writ upon the ground that certiorari will not lie to review the order overruling the motion to set aside the indictment. Because of the conclusion hereinafter reached that the motion to annul the writ should be sustained, the correctness of the ruling of the trial court will not be determined or considered.

Section 12456, Code of Iowa, 1939, provides:

"The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy, and adequate remedy."

The petition for the writ of certiorari in this case adopts the foregoing statutory language in assailing the ruling of the trial court upon the motion to quash the indictment. However, the employment of the language of the statute is not, in itself, sufficient to entitle a petitioner to the remedy by certiorari. In determining whether or not such remedy is available to a petitioner the court will look behind the words of the petition and base its ruling upon the sufficiency of the facts presented to it.

The motion to set aside the indictment, predicated upon ground 6 of Code section 13781, was overruled by the trial court. Said section states, in part:

"The motion to set aside the indictment can be made, before a plea is entered by the defendant, on one or more of the following grounds, and must be sustained: * * *

"6. When any person other than the grand jurors was present before the grand jury during the investigation of the charge, except as required or permitted by law. * * *

"13784 Hearing on motion. The motion must be heard when it is made, unless for good cause the court postpone the hearing to another time."

■ Section 13781 provides that the motion to set aside the indictment "can be made" *before a plea is entered.* A former statute did not contain the words above italicized, but provided that if the motion be not so made "the defendant is precluded from afterward taking the objections * * *." Sections 4691 and 4694, Revision of 1860. State v. Kimball, 29 Iowa 267, decided thereunder, holds an objection that an unauthorized person was present before the grand jury, not made before plea, will not be considered. Decisions under the present statute are to the same effect. State v. Twine, 211 Iowa 450, 456, 233 N. W. 476, 479; Parenti v. District Court, 198 Iowa 560, 563, 199 N. W. 259, 260. Therefore, it is clear that a failure to comply with the statute in the particular here alleged would not ipso facto render the indictment invalid or deprive the court of jurisdiction to proceed with the case but would constitute merely an irregularity or defect to which timely objection might be made as provided by statute.

Petitioner points to the language of section 13781, "and must be sustained," as being mandatory upon the trial court. He asserts that when any of the statutory grounds are alleged and supported by competent proof, the court acts illegally and in excess of its jurisdiction if it overrules the motion. But whether the allegation is "supported by competent proof" is usually a question of law or fact, or both, to be determined by the trial court. For example, in this case, whether the county attorney's former connection with the contempt proceeding three years previously brought him within the prohibition of section 5180.3, was a question for the determination of the trial court. If the trial court found the county attorney was not a person prohibited from being present before the grand jury, the mandate of section 13781 would not apply and the overruling of the motion would be required. And where a court has overruled a motion to set aside an indictment, predicated upon a ground of this section, it will ordinarily be presumed that such ruling was based upon the judicial determination that the alleged ground was not established. A court may err in this determination, with the result that the ruling based thereon would be wrong. But this would not make such determination or ruling illegal or in excess of jurisdiction.

1050

■ Stripped of its verbiage, petitioner's action is merely one to review an alleged error in the ruling of the respondent judge. It is clear the court had jurisdiction of the parties and subject matter and was legally empowered to rule upon the motion to dismiss the indictment. The petition does not charge that the court did not proceed according to law in hearing and ruling upon the motion, and the allegation that the court acted illegally is here, in reality, no more than a charge that the ruling was erroneous. The law provides a remedy for the correction of such error, if any. That remedy is by appeal at the proper time.

Kommelter v. District Court, 225 Iowa 273, 276, 280 N. W. 511, 512, was a proceeding in certiorari to review an alleged error made in overruling a motion to dismiss an information. It was not claimed there was want of jurisdiction or that the court exceeded its jurisdiction or otherwise acted illegally. In that case the court, after discussing authorities, said:

"We are constrained to hold, in view of the prior holdings of this court, that the writ of certiorari should not have been issued in this case, and that the proper remedy would have been by appeal."

One of the cases cited in support of that decision is Morrison v. Patterson, 221 Iowa 883, 886, 267 N. W. 704, 707, from which we quote:

"It is the settled rule of law in this state that where the court has jurisdiction of the matter pending before it, and its jurisdiction is invoked by the parties thereto, the remedy for an alleged erroneous ruling therein is by appeal. We have repeatedly held that where there is another plain, speedy, and adequate remedy, no writ shall issue. McCarthy Co. v. District Court, 201 Iowa 912, 208 N. W. 505; Hoskins v. Carter, 212 Iowa 265, 232 N. W. 411; Collins v. Cooper, 215 Iowa 99, 244 N. W. 858; Adams v. Smith, 216 Iowa 1365, 250 N. W. 466; Main v. Ring, 219 Iowa 1270, 260 N. W. 859."

Among other numerous cases enunciating these doctrines are Western Grocer Co. v. Glenn, 226 Iowa 1374, 286 N. W. 441; Dalton v. Calhoun District Court, 164 Iowa 187, 145 N. W. 498, Ann. Cas. 1916D, 695; Parenti v. District Court, supra.

Code section 13785 provides:

"Motion overruled—defendant must answer. If the motion be denied, the defendant must immediately answer the indictment, either by demurring or pleading thereto."

We think this section tends to support our conclusion that such a ruling is not in a preferred class with relation to the right of review by certiorari.

Petitioner relies upon Maley v. District Court, 221 Iowa 732, 266 N. W. 815, in which we permitted review by certiorari of an order overruling a motion to quash an indictment. With the propositions actually decided in the Maley case, we are in agreement. However, in that decision, the question whether or not the ruling was properly reviewable by certiorari was not determined. It appears this should have been done whether or not such question was raised by the parties.

In Kommelter v. District Court, 225 Iowa 273, 275, 280 N. W. 511, 512, we said:

"We have many times held that this court, having issued a writ of certiorari, will, on final hearing, determine whether the writ is allowable, even though such question is not raised by the parties litigant. Dickson Fruit Co. v. District Court, 203 Iowa 1028, 213 N. W. 803; Samek v. Taylor, 203 Iowa 1064, 213 N. W. 801, and cases cited; and Morrison v. Patterson, 221 Iowa 883, 267 N. W. 704."

There may be cases in which the court, having determined upon the merits that a writ should be annulled, has not closely scrutinized the question whether certiorari was there a proper remedy. However, the sustaining of a writ of certiorari inferentially approves the propriety of such procedure. To the extent that the sustaining of the writ in the Maley case may be considered as impliedly approving the procedure therein employed, the Maley case is overruled.

Respondent's motion is sustained and the writ of certiorari is annulled.—Writ annulled.

BLISS, C. J., and MILLER, SAGER, HALE, GARFIELD, WENNER-STRUM, and MITCHELL, JJ., concur.