DICKSON FRUIT COMPANY, Petitioner, v. DISTRICT COURT OF SAC COUNTY et al., Respondents.

**JUDGMENT: Vacation—Appeal as Sole Remedy.** An order which sets
1   aside a judgment some five years after its rendition, on the asserted ground that the cause had never been set for trial after issue had been joined, such order being made on motion, service, and appearance of all parties, is a finality, in the absence of an *appeal* therefrom.

**CERTIORARI: When Writ Lies—Sua Sponte Determination by Court.**
2   The court, having issued a writ of certiorari, will, on final hearing, determine whether the writ is allowable, even though such question is not raised by the party litigants.

Headnote 1: 3 C. J. p. 523.   Headnote 2:   11 C. J. p. 196 (Anno.)

Headnote 2:   5 R. C. L. 254.

*Certiorari to Sac District Court.*—J. A. HENDERSON, Judge.

MAY 10, 1927.

Proceeding in certiorari to test the validity of an order entered by the respondent court, setting aside a default and judgment in an action in which the petitioner herein was plaintiff.—*Writ annulled.*

*Whitney & Whitney,* for petitioner.

No appearance for respondents.

DE GRAFF, J.—This is a proceeding in certiorari. The writ issued from this court. The return discloses that the petitioner (plaintiff in the original action) commenced suit December 24, 1920, against certain defendants, for the value of merchandise sold and delivered to said defendants. The venue of the action was in the district court of Iowa in and for Sac County. The original notice was personally served upon all the defendants named in said action, on the 17th day of January, 1921. All the defendants entered their appearance and filed verified answers on

March 7, 1921. The instant matter concerns only the defendant W. H. Terrill.

Trial notices were filed by the plaintiff on April 21, 1921, and on October 5, 1921, and the cause was noted for trial on the printed bar docket. On October 26, 1921, judgment was entered against all the defendants in the sum of $549.94. The term of court during which the judgment was entered, adjourned *sine die* December 12, 1921.

Nothing further was done in this cause until September 14, 1926, when a motion was filed by W. H. Terrill, a judgment defendant, to set aside the default and judgment theretofore entered, for the reason, as recited in said motion, that said judgment "was rendered without authority, and not within the jurisdiction of the court, for that, the petition in said cause having been filed on the 24th day of December, 1920, the defendant W. H. Terrill appeared by his attorney, Malcolm Currie, and filed the answer on March 7, 1921; that afterwards, the said answer creating an issue of fact, the case was never assigned for trial to a jury, nor the case called for that purpose; that the judgment entry was signed perfunctorily, when presented by the attorneys for plaintiff." The affidavits of said attorney and W. H. Terrill were attached to said motion.

The attorney alleges that he was employed as attorney by the defendants in said cause; that he drew and filed the answers to the petition; that, after the filing of said answers, the said cause was not assigned for trial, and no date was ever fixed for trial; that he was never notified by any person that the plaintiff had the cause assigned for trial; that the answers were filed in good faith, and with the intention at all times to try said cause to a jury; that he did not know, until the date named in the affidavit (September 13, 1926), that a default judgment had been rendered in said cause; and that in his opinion the defendants had a good defense to the claim of plaintiff, as alleged in its petition. The affidavit of the defendant Terrill is, in substance, to the same effect, and further states that he was never a member of the defendant copartnership named in the action, and that he never was in any way liable for the purchase of the merchandise the price of which was sought to be recovered in the action, and that he relied upon his counsel in all matters concerned with said action.

On September 14, 1926, an order was entered by the respondent court, directing that a copy of the motion and of the affidavits in question be served upon the attorneys for the plaintiff (petitioner herein), and further ordering that, upon service had, by mail, of the order upon said attorneys for said plaintiff, "the plaintiff shall show cause within five days why the application of the said defendant W. H. Terrill should not be granted."

A resistance was filed, on September 17, 1926, to the motion to set aside default and judgment. This resistance recited that the trial court was without jurisdiction to act in the premises, as the judgment was signed and entered October 26, 1921, at the regular October term of said court, commencing on the 17th day of October, 1921, and that said term adjourned December 21, 1921, and that, nearly five years having elapsed since the entry of said judgment and the adjournment of the term at which said judgment was entered, said judgment has been a public record in the records of said court, and that the defendant is charged with notice thereof; that the motion and affidavits attached thereto constitute an attempt to vary and contradict the judgment record and proceedings in this cause; and that the judgment was entered after the attorney for the defendants had withdrawn his filed answer. The resistance was supported by affidavits which set out the records in said cause and the facts material to the making of the original record entry.

On September 30, 1926, there was entered in the respondent court an order sustaining said motion to set aside default and judgment. Thereupon, a petition for writ of certiorari was filed in this court, and an order was entered on October 27, 1926, for the issuance of the writ.

We are not concerned, in the instant proceeding, with the jurisdiction of either the parties or the subject-matter when the original judgment was entered, but we are concerned with the jurisdiction of the court at the time the ruling on the instant motion was made. The question is whether the court committed error in the ruling on the motion. It is apparent that both the defendant and the plaintiff were within the jurisdiction of the court,—the defendant by reason of his appearance, and the plaintiff, after timely notice of the filing of defendant's motion, by his appearance.

The court was called upon to decide whether it had juris-

diction of the matter then pending before it. A court may decide a question correctly or erroneously, even though the question involves its jurisdiction in the premises. If the defendant's motion, under the circumstances, had been overruled, the only recourse of the defendant was to appeal. Since the defendant's motion was sustained, the recourse of plaintiff was to appeal. The primary thought is that the trial court had a question to decide, and it had jurisdiction to decide that question. It did decide, and now plaintiff, by writ of certiorari, seeks to question and impeach its right to decide adversely to the plaintiff. The remedy of plaintiff, however, is by appeal; and, although this fact is not suggested in argument, this court, having issued the writ in the first instance, may now, with the record before it, determine whether certiorari is the proper remedy. See *Samek v. Taylor,* 203 Iowa 1064.

**2. CERTIORARI:** when writ lies: *sua sponte* determination by court.

Jurisdiction means the power of a court to take cognizance of and to decide a case and to carry its judgment and decree into execution. *Franklin v. Bonner,* 201 Iowa 516. See, also, *Davis v. Preston,* 129 Iowa 670.

Sufficient to state that, under the instant record, it must be accepted that the trial court had jurisdiction to rule the matter before it, and, although it ruled erroneously, this did not authorize the remedy adopted by the petitioner herein. The writ heretofore issued is, therefore,—*Annulled.*

EVANS, C. J., and ALBERT, MORLING, and KINDIG, JJ., concur.