STATE OF IOWA ex rel. H. M. HAVNER, Attorney-general, Appellee, v. ASSOCIATED PACKING COMPANY et al., Appellees; LARK REYNOLDS et al., Appellants.

June 26, 1928.

*J. L. Bonar* and *W. H. Morling,* for appellants.

*Parrish, Cohen & Guthrie,* for appellees.

*Bradshaw, Schenk & Fowler, Amici Curiae.*

FAVILLE, J.—On October 10, 1918, the Associated Packing Company filed its articles of incorporation, as provided by the statutes of Iowa, and received from the secretary of state a certificate authorizing it to do business as a corporation duly organized under the laws of this state. The original capital stock authorized was $2,000,000, which, in 1919, by amendment was increased to $5,000,000. Some fourteen months after the incorporation, to wit, in February, 1920, the original action herein was instituted by the attorney-general of this state, in equity, the petition alleging that:

"The Associated Packing Company is a corporation organized under the laws of Chapter 1, Title IX, of the Code of Iowa, as amended."

It is alleged in the petition that the said corporation was acting fraudulently, and the petition prayed that a receiver be appointed, to marshal the assets of said corporation and wind up its business and distribute the assets under the orders of court; that the affairs of said corporation be liquidated; and that the said corporation be dissolved. A trial was had in said action, and a decree entered adjudging that the said corporation should be dissolved, its charter revoked, and liquidation had of its assets; and a receiver was appointed for the purpose of carrying out the provisions of said decree. No appeal was taken from this decree.

An order was made by the court in respect to the filing of claims in said receivership matter, and thereafter the appellants herein filed their respective claims with said receiver. The claims are all of the same general character, and, in substance, are to the effect that each of said claimants was a subscriber for stock in said corporation, and that said subscription was procured by false and fraudulent representations on the part of the agents of said corporation selling the same; and the claimants pray that the said subscriptions for stock be rescinded, and that the amounts paid by the claimants on said stock to the corporation be decreed to be a trust fund in the hands of the receiver. The claimants also pray for the return of promissory notes given in part payment for said stock so subscribed, and that reimbursement for the value thereof be made, in the event that said notes are not returned. The foregoing, in a general way, states the question involved. The lower court denied the claims of the appellants, and from such order this appeal is taken.

I. The appellants came into this receivership proceeding after a decree had been entered dissolving the corporation and appointing a receiver for the purpose of liquidating it and distributing its assets; and as claimants in said proceeding, they ask rescission of their subscription contracts, on the ground that they were induced by fraud to enter into said contracts. The case at this point is ruled by our pronouncement in *Lex v. Selway Steel Corp.*, 203 Iowa 792, wherein we reviewed the authorities at length. In said case we said:

"We are of the opinion that the court properly, upon the record presented, held the receiver entitled to recover the unpaid portions of their subscriptions from subscribers who had not rescinded at the time application was made for the appointment of a receiver."

The rule announced in the *Lex* case is conclusive against the contention of the appellants of their right to rescind their stock subscription contracts by filing claims with the receiver after the decree of dissolution of the corporation.

II. Appellants argue that the corporation was not legally organized, and never became in fact a duly incorporated institution. This question was not raised by the appellants in the

lower court. They came into the case after the decree of the trial court had been entered, dissolving said corporation and appointing a receiver to liquidate its affairs. In their pleadings filed as claimants in said receivership matter, they in no way challenge the legality of the original act of incorporation of the said corporation. They therefore are not in a position to raise said question on this appeal. See, however, *Kosman v. Thompson*, 204 Iowa 1254.

The court did not err in denying to the appellants the right to rescind their stock subscription contracts by the instant proceedings as claimants in the receivership matter. The decree appealed from must be, and therefore it is, in all respects,— *Affirmed.*

STEVENS, C. J., and MORLING, J., take no part.

All the other justices concur.