JOHN R. HOSKINS, Petitioner, v. H. H. CARTER, Judge, Respondent.

No. 40323.

SEPTEMBER 27, 1930.

REHEARING DENIED APRIL 11, 1931.

Higbee & McEniry, for petitioner.

A. M. Frazier, County Attorney, and Lee R. Watts, for respondent.

DE GRAFF, J.—This proceeding in this court finds its origin in an application for order filed by the petitioner through his attorney in the respondent court on the 9th day of October, 1929.

It appears that the petitioner, John R. Hoskins, on the 9th day of October, 1929, and for some time prior thereto, was an inmate of the State Penitentiary of Iowa at Ft. Madison, Iowa, under a life sentence, having theretofore entered his plea of guilty to an indictment for murder in the first degree for the felonious killing of his wife, Hulda Hoskins, and was thereupon committed, under the judgment entered February 20, 1919, by the trial court, to said penitentiary for the period of his natural life. The indictment in said cause was returned January 20, 1919, and his plea of guilty thereto was entered January 22, 1919.

The petitioner's application further alleges that on January 20, 1919, John R. Hoskins was indicted for the murder of one Gladys Campbell (daughter of Hulda Hoskins) and was also indicted for the murder of one Ray Campbell (son of Hulda Hoskins); that said indictments have not been made public nor has the defendant been apprehended or arrested thereunder. It is further recited in the petition of Hoskins that his attorneys have requested the county attorney of Adams County, Iowa, and the Clerk of the District Court of Adams County, Iowa, to file said indictments so that defendant might file pleadings in said causes, but that said county officers have refused to file the same or allow counsel for defendant to see the same. It is further recited in petitioner's application that the said indictments for the murder of Gladys Campbell and of Ray Campbell were illegally returned in this: That the grand jury which returned said indictments was illegally selected, drawn, impaneled, and sworn, and that the members thereof were not certified by the judges of election, and that without the filing of said indictments by the clerk and the entering of same on the appearance docket, this defendant is unable to make proof to the court showing that said indictments are void, as there is no case docketed under which pleadings may be filed. It is further recited that it is the duty of the court to quash the indictments against the defendant for the murder of Gladys Campbell and of Ray Campbell for the reason that said indictments are void

and that this defendant desires immediately to file motions directed at said indictments, and that defendant is willing to file said motions within such reasonable time as the court shall fix and to have an immediate hearing thereon.

The prayer of said application is that the court enter an order requiring the clerk of the District Court of Iowa in and for Adams County to file the two indictments to which reference has heretofore been made, and to enter the same on the appearance docket.

Subsequently, to wit: November 21, 1929, a second application was filed by the petitioner John R. Hoskins for an order to be entered by the respondent Judge of the District Court of Iowa in and for Adams County, directing the Warden of the said State Penitentiary to have and produce Hoskins in court at the time of the hearing on the first application.

On November 25, 1929, the applications of the petitioner came on for hearing, and on said date the following entry was made:

"It is ordered and adjudged that the District Court of the State of Iowa in and for Adams County hereby refuses and declines to hold any hearing in said cause, and denies a hearing to the defendant at this time, and denies the application of defendant for an order on the warden of the penitentiary to produce the defendant. To all of which the defendant excepts."

This was an appealable order or judgment, and it is a well recognized legal principle in this jurisdiction that when an aggrieved party has a remedy by appeal, certiorari does not lie. It results that the writ heretofore issued by this court must be and is dismissed.

All Justices concur.