L. D. HOLCOMB et al., Plaintiffs, v. O. S. FRANKLIN, Judge, Defendant.

No. 40786.

MARCH 17, 1931.

REHEARING DENIED SEPTEMBER 26, 1931.

1160

 

M. A. Roberts, S. W. Livingston, S. G. Van Auken, and O. M. Brockett, for plaintiffs.

Charles Hutchinson, Thomas J. Guthrie, Ben J. Gibson, White & Clarke, Bradshaw, Schenk & Fowler, and Stuart S. Ball, for defendant.

STEVENS, J.—This original action in this court is brought by petitioners to test the legality of certain orders and rulings of the district court of Polk county in matters affecting or growing out of the receivership of the Associated Packing Company. Numerous phases of the litigation involving the affairs and final dissolution and settlement of this concern have previously been before us either on certiorari or appeal. For a full recital of the facts see Kosman v. Thompson, 204 Iowa 1254; State ex rel. Havner v. Associated Packing Co., 206 Iowa 405; State ex rel. Havner v. Associated Packing Co., 210 Iowa 754.

We deem it unnecessary to repeat any of the matters stated in the foregoing cases. Having little in the way of available assets in the form of property, resort to an assessment upon unpaid subscriptions for stock in the company has been deemed necessary to provide sufficient funds to pay the legitimate claims of creditors. To meet this exigency, the receiver, on a date prior to July 6, 1928, filed a petition entitled as in the original action in equity for the appointment of a receiver, setting up the material facts and praying an order assessing all unpaid subscriptions 17% and asking judgment against the subscribers individually for the amount found to be due. Upon final hearing of the petition and application of the receiver, the court found that an assessment of 50%, exclusive of interest upon all unpaid subscriptions exclusive of interest was necessary to meet the claims of creditors. An assessment was accordingly decreed on that basis. Thereafter, and on December 28, 1928, the district court of Polk county, Judge Thompson (now deceased) presiding, entered the following order for the purpose of conforming

to the decision of this court in Kosman v. Thompson, 204 Iowa 1254:

"It is Therefore, upon Consideration, Ordered, Adjudged and Decreed that further proceedings in this cause, upon the receiver's demand for judgments upon this court's decree for an assessment against the following defendants and each of them in the sum of 50% upon their unpaid subscriptions as pleaded in the petition of said receiver, exclusive of interest, be and are hereby transferred to law; said defendants, together with the paragraph number in which they are referred to in said petition, being as follows, to wit: (Naming the petitioners here and indicating the numbers of the paragraphs in the Receiver's original petition in which the causes against each of them were set out).

"It is Further Ordered That the Clerk of this court is hereby directed to file a certified copy of the petition of said receiver and amendments thereto, and a copy of this order, and docket the same as a separate law cause against each of said defendants, entitled 'State of Iowa, ex rel., H. M. Havner, Attorney General, Plaintiff, v. Associated Packing Company, et al., Defendants. In the Matter of the assessment against — — — — (Name of subscriber), Defendant,' and that said petition, together with the amendments thereto, and a copy of this order when so docketed, shall stand as a tender of the issue of the stock subscription liabilities of each of said defendants."

In obedience to the foregoing order, the clerk of the district court of Polk county caused transcripts of the petition therein designated to be filed in his office and a cause docketed at law against each of the defendants residing in said county. More than twelve months after the order transferring the actions to collect the assessments from equity to law was entered, a joint motion in behalf of all of the petitioners herein was filed asking that the order of Judge Thompson providing for the filing of certified copies of the petition be vacated and set aside, upon the ground that the same was entered without authority of law and in violation of the order and mandate of this court in the Kosman case. Prior to the filing of the above joint motion, each of the defendants against whom a case had been docketed at law in Polk county, caused a motion, twice amended to meet the ex-

igencies of the case, to be filed in the office of the clerk of the district court of Polk county asking that the certified copies of the petition be stricken, for more specific statements and to strike parts of said certified copy of the petition upon grounds appropriate to present the questions urged by counsel in this case. With the exception of the motion to strike all of the paragraphs of the petition not germane to the defendant against whom the law action was docketed, all of the motions were overruled.

It is the.legality of the rulings and orders of the court above referred to that is challenged in this proceeding. We deem it unnecessary to recite in detail the allegations of the petition.

The court in the Kosman case found that there was a proper joinder of all alleged subscribers for stock numbering more than 800 in the action in equity for the purpose of the assessment but that there was a misjoinder of parties in so far as the relief sought was a personal judgment against the individual subscribers. Kosman v. Thompson, 204 Iowa 1254. In the course of the opinion in the above case we said:

"Proper venue of litigation to collect said assessment necessitates a transfer of the separate causes of action to the counties wherein the respective plaintiffs reside. * * * If and after said assessment is made, plaintiffs' motion should then be sustained, (1) to separate said suits, and (2) to transfer (a) said actions to collect said assessment to said respective counties, and (b) from equity to law."

It will be observed at the outset that O. S. Franklin, judge, is designated as the defendant in this action. All of the rulings and orders complained of were made either by him or Judge Thompson. The order determining and fixing an assessment of 50% upon all unpaid subscriptions for stock and also the order separating and transferring the action to recover said assessments from equity to law were entered by him more than twelve months before the commencement of this action. No writ of certiorari shall be granted after twelve months from the time it is alleged that the inferior court, tribunal, or board exceeded its jurisdiction or otherwise proceeded illegally. Section 12467, Code, 1927. This court cannot, therefore, nor is it asked to, review the rulings and orders of Judge Thompson. The rulings of Judge Franklin complained of are those overruling the mo-

tion filed in the equity cause and the several motions filed in the causes docketed at law.

It is argued by counsel for petitioners with much force and earnestness that the order of Judge Thompson transferring the law actions from equity to law exceeded the court's jurisdiction in so far as it permitted and directed the filing of certified copies of the petition of the receiver in equity for the purpose of obtaining an assessment upon unpaid subscriptions to be filed and docketed in the law cases in the place of new original petitions and that the said order so made was contrary to the mandate of this court in the Kosman case and in violation of the statutes of this state. We are dealing in this controversy only with the complaint of alleged subscribers for stock resident in Polk county. Section 10965 of the Code provides where there is a misjoinder of causes of action for the filing of separate petitions as follows:

"When a motion is sustained on the ground of misjoinder of causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in his discretion, to file several petitions, each including such of said causes of action as may be joined, and an action shall be docketed for each of said petitions, and the causes shall be proceeded in without further service, the court fixing by order the time of pleading therein."

It is obvious that this court cannot in this action review any of the orders made by Judge Thompson. We are limited in our consideration to the orders made and entered by Judge Franklin of which the petitioners complain. It is provided by Section 12456 of the Code of 1927 that a writ of certiorari may be granted when authorized by law, and in all cases in which an inferior tribunal, board, or officer exercising judicial functions has exceeded his proper jurisdiction or is otherwise acting illegally.

As applied to the questions presented in this case, we need consider only the statute. Whether the order of transfer from equity to law is in strict conformity to the decision of this court in the Kosman case and to the statute applicable thereto is not here involved. Judge Franklin was asked to strike the certified copies filed in the law actions and also to strike certain parts thereof and for more specific statements and to vacate and set aside the portion of the order in the equity action complained of upon motion of the petitioners.

By filing these motions, petitioners invoked the jurisdiction of the court to rule thereon. The question at this point is not whether the ruling was, on the merits, erroneous but was it in excess of the court's jurisdiction, or for some other reason illegal. Iowa Loan & Trust Co. v. District Court, 149 Iowa 66; Ryan v. Hutchinson, 161 Iowa 575; Winneshiek Co. State Bank v. District Court, 203 Iowa 1277.

So far, therefore, as the rulings complained of were erroneous, if at all, they cannot be made the subject of an action in certiorari. For the purposes of this case, but without expressing any opinion thereon, it may be assumed that the order of Judge Thompson permitting the filing of certified copies of the petition in equity in the law actions was in violation of the statute as well as the mandate of this court, but even so, illegality in the rulings of Judge Franklin would not be established. The writ of certiorari performs none of the functions of a writ of mandamus. If the court had jurisdiction to rule at all on the motions, it had power to rule erroneously. Nothing inhering in the ruling of Judge Franklin is in contravention of the finding and decision of this court in the Kosman case, nor contrary to a single provision of the statute. It is not material at this point that the court may have had the power at the time the ruling was entered on the motions, and still has it, to require the receiver to correct the certified copy of the petition in equity so as to make it conform to a proper pleading in a law action. The particular complaints of the certified copies are that they are improperly entitled, that they are confusing and misleading in their terms and that they do not clearly plead distinct and definite causes of action at law. This court will not in an original action in certiorari review matters of pleading only. Much of the argument of counsel on both sides deals with matters too clearly remote to any question properly involved in this proceeding to require consideration or discussion. Even if it were conceded that Judge Frankin should have sustained the motion of petitioners to strike the certified copies filed in the office of the clerk in the law actions and each of the remaining motions, the proper jurisdiction of the court was not exceeded nor was there any illegality in these rulings. The provision of the constitution vesting supervisory control over inferior tribunals in this court is not proper-

ly invoked nor could it be as to any of the matters involved herein.

It is our conclusion that no question properly triable in an original action in certiorari in this court is presented. None of the rulings of Judge Franklin of which complaint is made were either without, or in excess of, the court's jurisdiction, or otherwise illegal. We deem it unnecessary to discuss other questions argued by counsel.

All of the rulings complained of were made in term time and by the court. We have referred to the individual judges merely for the purpose of distinguishing the various orders discussed.

It follows that the writ must be dismissed and it is so ordered.—Writ Dismissed.

FAVILLE, C. J., DE GRAFF, ALBERT, WAGNER, and GRIMM, JJ., concur.