BEN COLLINS, Petitioner, v. W. S. COOPER, Judge, Respondent.

No. 41242.

OCTOBER 25, 1932.

Guy H. Hall, Charles E. Hunn, and H. S. Hunn, for petitioner.

Harry Wifvat, for H. T. Taylor.

George J. Dugan, for Albert Scott.

BLISS, J.—Collins, the defendant below, was a tenant in 1930 of the West Half of the Southeast Quarter of Section 34, lying immediately east of and adjacent to the Southwest Quarter of the section owned and occupied during the same time by Scott. Taylor, the plaintiff below, occupied a farm in the vicinity, but its location with reference to the above mentioned tracts is not disclosed in the printed record, although counsel for petitioner, in oral argument, stated that it adjoined the Scott land on the west.

Taylor filed a petition at law in the District Court of Dallas County, stating that during the late summer, fall and winter of 1930, the defendant Collins, in spite of the repeated complaints theretofore made by the plaintiff, negligently allowed his hogs to run at large and to go into the cornfields of the plaintiff and cause damage by trampling down and destroying the corn.

Collins filed an answer thereto in two counts.

In Count I, he alleged that it was the duty of Scott to maintain the south 80 rods of the partition fence between the Scott farm and the farm occupied by Collins, but that Scott failed to properly maintain his portion of said fence and that any damage suffered by the plaintiff because of the trespassing of defendant's hogs was not the fault or negligence of the defendant, but was the fault and negligence of Scott in his failure to maintain a lawful, tight partition fence suitable to prevent the ingress and egress of hogs. Defendant denied all of the other allegations of the petition.

Count II is denominated a cross-petition against Scott, and due notice of the filing of the same was served upon Scott. Therein, the defendant, by reference, incorporated all of Count I and further

alleged that it was the sole and absolute duty of Scott to maintain his portion of said fence so as to prevent defendant's hogs from going under, through, or over the same and onto the property of the plaintiff, but that Scott had failed to do so, although repeatedly warned and notified so to do.

The defendant further alleged in this cross-petition that any damages to which the plaintiff might be entitled were by reason of the said neglect of Scott; and that, should plaintiff recover judgment in any amount against the defendant, the latter should be granted judgment therefor against Scott.

Thereafter, Scott answered this cross-petition, setting up a general denial of its allegations, and for counterclaim against the defendant, alleged that the latter had allowed his hogs to run at large and to go into the fields of Scott over a period of three years, thereby damaging his crops in the amount of $300.00, for which he asked judgment against the defendant.

The defendant attacked the answer and counterclaim of Scott by a motion for more specific statement, which motion was never ruled upon. The case was called for trial on September 14, 1931, at which time the defendant stated he was not ready for trial because of the absence of one of his attorneys. At that time, Judge W. S. Cooper, who was presiding over the court, after reading the pleadings, made the following entry:

"For the purpose of simplifying the issues, the court, on its own motion, strikes from the files the cross-petition of the defendant Collins against one Albert Scott, and also the counterclaim of Albert Scott against the defendant Ben Collins, to all of which all parties except."

On the following day, the defendant Collins filed his petition in this court, asking for a writ of certiorari directing the respondent judge, W. S. Cooper, to certify to this court the record of the proceedings in the lower court for review. The writ was granted, and thereafter the respondent made return to this court, setting out the facts and a transcript of the pleadings and record. The record does not disclose whether the hogs came upon the plaintiff's premises through the farm occupied by Scott, or whether they came from the highway or other places.

The petitioner contends and assigns as error that the ruling of

the respondent was error, illegal, and beyond the jurisdiction of the respondent, because:

(1) It was in violation of the Fourteenth Amendment of the Constitution of the United States and in contravention of the rights of the petitioner to have his day in court and to have due process of law afforded him.

(2) That it abridged his privileges as a citizen of the United States and was a denial of the equal protection of the laws.

(3) The petitioner was entitled to have submitted at the time of the trial the issue of negligence as between himself, Scott, and Taylor.

(4) That under Section 11155 of the Code of Iowa, the petitioner was entitled to bring in Scott since the petitioner had a cause of action against Scott, affecting the subject matter of the plaintiff's action.

(5) That the court was without right to summarily strike the cross-petition of the defendant.

■ There is but one question for our determination, and that is whether the petitioner is entitled to have the proceedings reviewed by certiorari. It is our judgment that he is not. The petitioner cites no authorities sustaining his contention. The case of Smith v. Des Moines & Central Iowa R. Co., 211 Iowa 223, cited in support of his proposition that the order of the court was not appealable, is not in point. In that case, it is true this court held that the appeal did not lie, but our holding was based solely upon the fact that the defendant in that case had made no election whether it would amend its pleading or stand upon it, nor had judgment been entered against it. In that situation, we have uniformly held that an appeal does not lie.

It is clear that the action of the trial court was neither illegal nor beyond its jurisdiction, and there was another plain, speedy, and adequate remedy at law. Whatever remedy the petitioner had was by way of appeal, and such was the holding of the court in Mahaska County State Bank v. Christ, 82 Iowa 56, wherein the court held that an appeal lies from an order striking from the files a cross-petition against a codefendant.

■ The petitioner states that the cross-petition was stricken by the respondent on his own motion, but does not particularly urge as error the fact that the ruling was *sua sponte*. The fact that it was so done does not aid the petitioner. If the cross-petition had

been stricken on motion of the plaintiff, it could not be said that the ruling was illegal or beyond the jurisdiction of the court. Does the fact that the court voluntarily so ruled alter the situation? We think not. It was within the powers of the court, as given by Section 10761 of the 1931 Code. It was the judgment of the respondent that the striking of the pleadings referred to would simplify the issues and expedite the trial. Such right inhered in the powers granted to the court.

We said in State v. Asbury, 172 Iowa 606:

"We take it that the courts are entrusted with inherent power to avoid a turning of the administration of justice into a travesty, inherently empowered to protect themselves against what will interfere with their effective action."

It is therefore our holding that the ruling of the trial court is affirmed, the writ is quashed, and the petition is—Dismissed.

STEVENS, C. J., and EVANS, KINDIG, and CLAUSSEN, JJ., concur.