W. F. MAIN, Petitioner, v. H. C. RING, Judge, District Court of Linn County, Respondent.

No. 42820.

MAY 14, 1935.

E. A. Johnson and Geo. C. Claassen, for petitioner.

Floyd Philbrick, for respondent.

POWERS, J.—In an action pending in the district court of Linn county, the plaintiff, one L. A. Robinson, asked for actual and exemplary damages for fraud and deceit alleged to have been practiced upon him by the defendant, W. F. Main, individually, and through his representative, Paul N. Patrick. Plaintiff alleges that he was induced by fraudulent representations to purchase a quantity of penny vending machines from the defendant. It is unnecessary to notice the

particular fraudulent representations and devices alleged. It should be kept in mind, however, that the plaintiff claimed in his petition, in effect, that all of such fraud was known to and participated in by the defendant, that it was a part of a general scheme adopted by the defendant for the selling of said vending machines. The defendant claims in his answer that the sale was effected by means of the plaintiff signing an order for merchandise which was sent by plaintiff to defendant for acceptance, and that this order contained a statement to the general effect that no representations of the salesman shall be binding on the defendant unless incorporated in the order, and then only if the order is accepted by the defendant, and that the representations of the salesman on which plaintiff now relies were not in the order. After the defendant had, by further answer, denied the fraud and the defendant's knowledge thereof and responsibility therefor, the plaintiff filed a petition to require the defendant to produce for inspection, in advance of the trial, certain documents consisting chiefly of certain letters and telegrams received by or sent by the defendant. To this petition the defendant filed a resistance which was not verified and which did not attempt any countershowing. The resistance challenges the sufficiency of the allegations of the petition and asserts that it appears on the face of the pleadings that the documents sought are not material. The trial court entered an order substantially as prayed for in the petition for the rule. By using the term "correspondence" to include all letters and telegrams received by the defendant, together with inclosures in the letters and copies of all letters and telegrams sent, together with copies of inclosures in such letters, the papers which the court ordered produced may be briefly summarized and classified as follows:

1. All correspondence between the plaintiff and defendant.

2. All correspondence between the defendant and Paul N. Patrick after March 1, 1931.

3. All correspondence between defendant and persons other than plaintiff or Patrick with reference to plaintiff's transaction with the defendant, except correspondence between defendant and his attorney.

4. All correspondence between defendant and one Mollenberndt, of Houston, Texas, and between defendant and Earl Adams, Jr., of Houston, Texas, attorney for Mollenberndt, and the canceled check

or other evidence of payment by defendant to the said Earl Adams, Jr., or Mollenberndt about the year 1930.

5. All files, records, and correspondence received or sent by defendant concerning Paul N. Patrick prior to October 1, 1933.

·This court granted a writ of certiorari, and the validity of the order for production of these documents is now before us on a return of the writ. The parties to this proceeding will be referred to as petitioner and respondent. The terms, plaintiff and defendant, will be used to refer to the parties in the main case where the order for the rule was entered. The defendant in the main case is the petitioner here.

■ I. It is, of course, well settled that under our practice the writ of certiorari is not available to review mere errors. Its function is to annul proceedings in the lower court where it appears that the order of the lower court is invalid because that court exceeded its proper jurisdiction or otherwise acted illegally. Section 12456, Code, 1931; Dalton v. Calhoun District Court, 164 Iowa 187, 145 N. W. 498, Ann. Cas. 1916D, 695; Tiedt v. Carstensen, 61 Iowa 334. The trial court exercises a large amount of discretion in requiring the production of documents. Iowa Farm Credit Corp. v. Hutchison, 207 Iowa 453, 223 N. W. 271. So long as its orders are within its jurisdiction, they will not be disturbed in a certiorari proceeding. Davis v. District Court, 195 Iowa 688, 192 N. W. 852; Ryan v. Hutchinson, 161 Iowa 575, 143 N. W. 433. The only proper inquiry here is, did the trial court have the power to make the order challenged? Finn v. Winneshiek District Court, 145 Iowa 157, 123 N. W. 1066. We are not concerned with the question as to whether the trial court improperly exercised the power vested in it, and thereby committed error, that could be reviewed only on appeal.

■ II. The petitioner contends that the order for the production of documents was illegal and beyond the jurisdiction of the trial court because no sufficient petition therefor had been filed. The authority of the court to require the production of documents is found in section 11316, Code, 1931. Section 11317 of that Code prescribes what the petition for such an order must contain. It provides that:

"The petition for that purpose shall be verified, and must state the facts expected to be proved by such books or papers, and that, as the petitioner believes, such books and papers are under the

control of the party against whom the rule is sought, and must show wherein they are material. The rule shall thereupon be granted to produce the books and papers, or show cause to the contrary, if the court deems such rule expedient and proper."

The petition which was filed in the court below by the plaintiff to the action for an order to produce documents was verified. As amended, it alleged that "there are in the custody and control of the defendant certain papers and correspondence material to the just determination of this cause," that said papers would show "the course of the dealings by the defendant and the course of the dealings and knowledge existing between the defendant and his agent, Paul N. Patrick, in relation to or bearing upon the transaction with the plaintiff," and, further, that "the papers and correspondence will prove the knowledge of the defendant as to the activities and operations of his agent, Paul N. Patrick, and the knowledge of the defendant as to the details of the transaction with the plaintiff, the instructions of the defendant to his agents and employees generally and specifically as to the plaintiff," and, further, will show "the fraud practiced by the defendant through his agent and his knowledge and acquiescence therein both by reason of correspondence between the defendant and his agent and between defendant and others enumerated in the petition." The petition contains further allegations by way of further elaboration of the statements quoted. Greater particularity is not required. Davis v. District Court, 195 Iowa 688, 192 N. W. 852. We think it sufficiently appears therefrom what facts it is proposed to prove by the papers and documents and wherein they are material. It cannot be said, therefore, that the order is defective because the petition for the order was inadequate in that respect.

III. Petitioner further contends that the trial court was authorized under the provisions of section 11316 to require the production of only such papers as "are material to the just determination of any cause pending before it", and that the papers required to be produced by the order under review herein are not material to a just determination, and, therefore, the order is in excess of the court's jurisdiction.

In determining that question, some consideration must be given to the nature of the action and the issues joined between the parties in the case where the rule is sought. The action, as previously noted, is for damages for deceit. One of the questions made

by the pleadings is whether the defendant is guilty of fraud, and another question is whether, if Patrick was guilty of fraud, the defendant knew of such fraud and participated or acquiesced therein. Obviously, anything which would throw light on these questions would be material. No nice discrimination on the question of materiality should be attempted in a situation of this kind.

What is said here concerning materiality, without knowledge of the contents of the documents, except the undenied allegation of the petition for their production, cannot be regarded as a precedent when the offer of the documents in evidence is made. What the documents will show when produced and the state of the record when they are offered in evidence makes that quite a different question. The trial court determined the papers were material. Its order should not be annulled unless it appears that the papers ordered produced are clearly not material to the inquiry. The presumption should be that the court acted within its proper jurisdiction. The verified petition for the production of the documents alleges they are material, and the particular facts which will be shown thereby, and there is no countershowing. A petition which is verified is equivalent to an affidavit. The resistance in this case was not verified. Moreover, it does not deny that the papers will show what the petitioner claims for them. Under this situation, the facts well pleaded in the petition for the rule must be accepted as true. Therefore, it must be assumed that the letters and telegrams (both originals and copies) will show what the petitioner claims for them, except where the situation is such that they could not be material, because of the time when the letters and telegrams were written, or because of the persons writing them, or because of some other reason which appears on the face of the petition for the rule when read in the light of the allegations of the pleadings in the case where the rule is sought.

With these general observations in mind, we proceed to a more detailed examination of the particular papers ordered produced.

The first class of documents in the order to produce consists of letters and telegrams which passed between the parties and inclosures in the letters. So far as these communications relate to the particular transaction which is the subject of the suit, it can hardly be claimed they are not material. It is suggested, however, that there is no such limitation in the order, and that under the order defendant would have to produce letters of a purely private

nature which have no relation whatever to the transaction involved in the action. This is rather fanciful in view of the undenied allegation in the petition for the rule as to what will be shown by the letters. Moreover, it quite clearly appears from the pleadings in the main case that plaintiff lives at Houston, Texas, and that defendant lives in Cedar Rapids, and that the parties are strangers and the transaction involved in the case was the only one which has been the subject of correspondence between them.

The second class of documents in the order to produce consists of communications between Patrick and the defendant after March 1, 1931. So far as this correspondence is limited to a reasonable length of time before the time when plaintiff's order was received by the defendant and the merchandise shipped in pursuance thereof, such correspondence clearly may show, as petitioner alleges, the existence of a fraudulent scheme in which both Patrick and the defendant participated and the defendant's knowledge and acquiescence in the means which were used by Patrick to promote sales and, particularly, the sale to the plaintiff. We cannot say, in view of the allegations of the petition for the rule, that such correspondence would be so incapable of showing that as to be immaterial. So far, however, as the order requires the production of such correspondence covering the period following the receipt of plaintiff's order for merchandise and the acceptance thereof (which appears to have been about October 21, 1931), such letters could not be direct substantive proof of the situation at the time the order from plaintiff was received and accepted by the defendant. The petition for the rule makes no other claim for them and their materiality does not appear. Moreover, the order for their production is subject to the objection that it would authorize plaintiff to rifle the files of the defendant to determine what plans had been made for the defense of the action as more particularly pointed out in the discussion concerning the next class of documents in the following paragraphs.

The third class of documents ordered produced are communications between the defendant and persons other than Patrick or plaintiff in regard to defendant's transaction with the plaintiff, except letters and telegrams between defendant and his counsel. As to such letters received by the defendant or sent by defendant before plaintiff's order for the vending machines was accepted and the merchandise shipped, the order for production would seem to

be proper. If defendant was advised of the fraud practiced by his representative in getting the order before the order was accepted and the merchandise shipped, his acceptance of the order and the shipping of the merchandise would tend to establish a ratification of the fraud. It would not seem in this connection to be material who it was that gave him the information except on the question of its credibility. We are of the opinion, therefore, that the order for the production of these letters, was proper so far as it related to letters received by the defendant before he accepted plaintiff's order and shipped the merchandise in pursuance thereof. To the extent, however, that the order goes beyond that and calls for the production of letters and telegrams of that character sent or received after the controversy arose, it would seem to call for what could not be material. Moreover, the production of such letters and communications might be productive of great mischief. The statute is clearly designed to help a party to a suit to discover material facts even though the documents evidencing such facts are in the possession of the adverse party, and it is a wholesome aid to the proper administration of justice. It cannot, however, be used as a means of rifling an adversary's files to find out what evidence or information he has collected and what preparation he has made for the trial. Such a use of the process has been repeatedly condemned by this court. Grand Lodge, A. O. U. W. v. District Court, 150 Iowa 398, 130 N. W. 117. Suppose, for example, that the defendant, after this controversy arose, had employed some person to investigate the facts and report to him the names of the witnesses and what they would testify to, and that such person had written his report, or suppose that third parties had written to defendant volunteering information that might be of aid to the defendant in the trial, and suggesting where evidence might be obtained. The petitioner for the rule would not be entitled to examine those reports and those letters and thus be put in possession of defendant's plan of defense and the evidence available to support it. The statute was not designed for that purpose. It is possible, of course, that there are no such letters or telegrams in the files of the defendant. It is possible, also, that if there are, the defendant should have so indicated in his resistance. The defendant did point out in his resistance that the prayer was too broad, and that if the rule were issued as prayed for by the petitioner it would require the production of letters between the defendant and his counsel, and the court made an exception of

that class of communications. The trial court might have broadened the exception if further specific objection had been indicated. We think, however, that since a jurisdictional question is involved, even in the absence of more specific objection on the point, the court should have limited the communications called for in this class to such communications as were received by or sent by the defendant before the order from the plaintiff was accepted and the merchandise shipped in pursuance thereof. To go further than that is substantially equivalent to permitting plaintiff to go through the files of his adversary and determine what plans had been made for the defense of the action and what evidence is available to support it. That is improper. To that extent, the court acted in excess of its proper jurisdiction.

The fourth class of documents ordered produced all have to do with some controversy between the defendant and one Mollenberndt, of Houston, Texas. Just what the various documents called for by these several items will prove is not entirely clear. Petitioner for the rule claims for them, however, that they will prove the fraudulent scheme and the fraudulent character of some of the representations made to the plaintiff. In this connection it should be pointed out that plaintiff in his petition in the main case alleges as one of the fraudulent representations that defendant had not disposed of any of the Houston, Texas, territory, and had sold none of his machines in Houston. Moreover, proof of other frauds may sometimes be made to establish the existence of an alleged fraudulent scheme. No issue was joined between the parties as to the contents of these documents, and, under such circumstances, it cannot be said that they are not material.

The fifth class of documents ordered produced has to do with communications received or sent by defendant concerning his representative, Patrick, prior to October 1, 1933. This, of course, would have to do with correspondence that would not fall within any one of the other classifications of documents required by the order to be produced. It bears all the earmarks of a mere fishing expedition. Obviously, all such correspondence which would not come within the previous classifications would have a very remote bearing, if any, upon the issues involved in the main case. Moreover, the difficulty of complying with it would seem to be such as to make its performance almost impossible, except by turning over to petitioner for the rule the defendant's entire correspondence file.

There is no specification whatever as to the subject matter of the letters, nor as to the parties from whom such letters were received or to whom sent, and no limitation of time except that they must be prior to October 1, 1933. It may fairly be inferred from the record that defendant carried on an extensive correspondence in connection with his business. That Patrick would not be the primary object of correspondence is obvious. The fact that Patrick may have incidentally been mentioned in the letters dealing primarily with other subjects would be no indication of where such letters might be found or how they might be filed. That part of the order would seem to the court to be the equivalent of a roving commission authorizing the plaintiff to ransack the entire files of the defendant, and, as such, beyond the jurisdiction of the court.

■■■ IV. The petitioner's further contention is that some of the papers sought would not be competent evidence, and this is particularly true as to the copies, and, therefore, the trial court acted in excess of its jurisdiction in ordering their production.

It is true that in some cases this court has pointed out, in sustaining a writ to annul an order requiring the production of documents, that the documents would not be competent for use in evidence, but in all such cases, the order for the production of the documents was improper for some other reason. There is no provision in the statute which limits the court in requiring the production of documents to those which would be competent evidence when produced, and it may be questioned whether that is a safe and proper guide as the sole test in every instance, especially where the order is to produce documents for inspection in advance of the trial as distinguished from at the trial. The object of such inspection must be to enable the adverse party to intelligently prepare for trial, not alone to procure documents to offer in evidence at the trial. If that were the only purpose, it is difficult to see why documents should ever be produced to be inspected and copied in advance of the trial. But however that may be, certainly the court cannot anticipate the state of the record at the time the documents are offered which will determine their competency. For instance, copies might be used if the proper foundation were laid. They would then be competent. Moreover, certain of the documents might be competent as a part of the cross-examination of the defendant if he were a witness. This court cannot say in the instant case that the documents ordered to be produced would be incompetent as

evidence under any possible situation of the record at the time of the trial. The court did not, therefore, exceed its jurisdiction on that account.

V. One further question remains for consideration. The court ordered the papers and correspondence to be produced by the defendant to include, not only the correspondence with the defendant personally, but also with the Standard Manufacturing Company, the Appleton Novelty Company, the F. E. Machem Novelty & Distributing Company, the New Specialty Company, and the W. F. Main Company, and those acting for said above-named companies. In this connection, the petition for the rule alleges, and the resistance does not deny, that these so-called companies are not corporations, that they are only trade names used by the defendant, W. F. Main, and that they are not used as a means of classifying or segregating any special classes of business, but are only different fronts used by the same person as suits his convenience in conducting the same kind of business. Under such circumstances, we see no objection to the order as made. Certainly, a party should not be permitted to avoid the consequences of his acts simply because he performs them under an assumed name or under a trade-name, especially where such name is used merely for convenience and under circumstances which may justify the inference that the purpose is to create confusion and promote a fraudulent scheme.

VI. We have already pointed out that what we are concerned with here is the question of the court's jurisdiction to require the production of these various documents and papers. Obviously, what is said on the question of materiality can have little, if any, bearing on that question when such documents are offered in evidence and the court has had an opportunity to inspect them.

Likewise, in the consideration of the question before the court now, a broad and liberal construction of the pleadings must be adopted and all the allegations of the petition must be considered. We have not overlooked the fact that the defendant claims in his answer and urges in argument here, that by reason of certain representations made by the plaintiff in the main case in his order for the merchandise sent to the defendant for acceptance, some of the contentions which the plaintiff now makes as to representations on which he relied in signing the order are not available to him. But that claim is only a plea or allegation in the answer. The affirmative allegations of the answer remain to be established by

proof. They cannot be accepted as a verity at this stage of the proceedings. No such allegations in an answer can have the effect of rendering immaterial what would otherwise be material in establishing the allegations of the petition. We do not, therefore, in ruling on the question of materiality of certain documents here, express any opinion on the merits of this plea of the defendant if it should be established by the proof. We have not overlooked the fact, either, that the petition makes some reference to this written order, but the petition alleges the order is void because of the fraud by which it was procured. The effect of the statements in the order cannot be determined, therefore, from the pleadings.

The writ issued herein is sustained so far as it relates to the correspondence described in class 5, and the correspondence in classes 2 and 3 after the date plaintiff's order was received by the defendant and the merchandise shipped. In all other respects the writ is annulled.

Writ sustained in part, annulled in part.

All Justices concur.