EDMUND D. MORRISON, Petitioner, v. J. G. PATTERSON, Judge, District Court of Washington County, Respondent.

No. 43458.

JUNE 19, 1936.

Edmund D. Morrison, for petitioner.

T. L. Brookhart and S. W. Livingston, for respondent.

KINTZINGER, J.—This is an original action in certiorari commenced by the petitioner to test the legality of certain rulings of the district court of Washington county, Iowa, made on the hearing of an application of W. J. Morrow, one of three trustees

of the Washington National Bank Trust Estate, entitled "In re Washington National Bank Trust," of Washington, Iowa, pending in the district court of that county.

The application alleged that differences had arisen among the three cotrustees of said "trust", and that the interests of the beneficiaries of the trust demand that the court take jurisdiction and control of the administration of the trust. The application also alleged that a foreclosure and other decrees had been entered in April and June, 1935, creating liens to the amount of about $10,000 against the trust estate. The three trustees of said estate were Ode Ferguson, George E. Gilbert, and W. J. Morrow. The application also alleges that Ferguson and Gilbert, two co-trustees, had refused to agree with Trustee Morrow to appeal from the decrees of court establishing said liens; that Morrow's co-trustees threaten to take sufficient funds from the trust estate to pay said liens; that Morrow has perfected an appeal to the Supreme Court from the decrees establishing said liens; that he has been advised by his counsel, Edmund D. Morrison, that the decrees entered were invalid and invaded the rights of the beneficiaries of the trust and should be reversed on appeal. Trustee Morrow therefore asks an order of court to protect the trust estate for the benefit of all beneficiaries. He also alleges that his co-trustees have entered into an agreement with the lienholders to settle and pay them off in cash; and that the stipulation for a settlement is invalid because not signed by all three of the trustees. The record shows, however, that all claims may be settled by a majority of the trustees.

Thereafter, on November 8, 1935, and before the hearing on the application, the co-trustee Morrow died, and under authority of the articles of trust, the remaining trustees, Ferguson and Gilbert, appointed one J. E. Bovee co-trustee to fill the vacancy.

The record also shows that Edmund D. Morrison, who acted as attorney for the three trustees in the litigation in which the decrees above mentioned were entered, strenuously resisted the claims upon which the decrees were based.

On November 21, 1935, said Morrison, who had represented the co-trustee Morrow on the application to protect the trust estate, filed a petition in "Re Washington National Bank Trust" proceedings, reciting the filing of Morrow's application and Morrow's death, and the appointment of said Bovee to succeed

Morrow as co-trustee. In his petition, Morrison alleges that he is a beneficiary in the trust estate and files it on behalf of all other beneficiaries under the trust, and asks permission to bring on for hearing the application filed by said Morrow. In his petition he alleges that the co-trustees Ferguson and Gilbert have committed and are now committing breaches of trust to the great loss and damage of the beneficiaries, and have unlawfully paid out trust funds in preferential payments contrary to law; that the time for filing an abstract on the appeal perfected by Morrow is about to expire; and that unless said application be heard, over $10,000 of the trust funds will be lost to the estate. He, therefore, asks that Morrow's application be set down for immediate hearing, and that said Morrison, as a beneficiary of the trust, be allowed to prove up Morrow's application.

On November 21, 1935, the court entered an order setting Morrow's application down for hearing, and granted Morrison leave to prove up the application at the hearing.

On November 29, 1935, Trustees Ferguson, Gilbert, and Bovee filed motions: (1) To set aside the order of November 21, 1935, setting down Morrow's application for hearing and granting Morrison leave to establish the same at the hearing; and (2) to dismiss the petition filed by Morrison, as beneficiary, on November 21, 1935, on the grounds, (a) that the trustees had sole power to manage and represent the trust; (b) that said petition constitutes a misjoinder of parties and of causes of action; (c) that the applicant asks the court to review a decision of another district judge, while the application should be made to the Supreme Court; and (d) that there is no authority under the law for bringing said action. Both of these motions were sustained on November 29, 1935.

Thereafter, on December 12, 1935, Morrison, as beneficiary, filed two motions: One, to set aside the order of November 29, 1935, vacating the order of November 21, 1935, and the other, to set aside the order of November 29, 1935, sustaining the co-trustees' motion to dismiss the Morrow and Morrison application and petition. Both of these motions were overruled.

Thereafter, on December 26, 1935, a writ of certiorari was issued by the clerk of the Supreme Court pursuant to a petition filed therefor, upon the grounds that the lower court acted illegally in making the rulings entered on the motions above re-

ferred to in the proceedings entitled "In re Washington National Bank Trust."

The illegality complained of was that the court had no jurisdiction to enter the orders hereinabove referred to, sustaining the trustees' motions, (1) to set aside the order of November 21, 1935, setting down Morrow's application for hearing and granting Morrison leave to prove up the same at the hearing, and (2) to dismiss the petition filed by Morrison, as beneficiary, on November 21, 1935, on the grounds hereinabove recited.

It will be noted by this record that both parties invoked the jurisdiction of the lower court in the trust proceedings referred to. Morrison, the beneficiary, contended that the lower court had jurisdiction of the matter in question, and asked for an order protecting the interests of the beneficiaries, and that said Morrison be permitted to carry on the litigation commenced by Morrow, the deceased trustee, and that he, in behalf of himself and other beneficiaries, be permitted to appeal certain actions in which decrees were entered upon a mortgage foreclosure and other claims filed against the trust estate.

It may be stated here that the entire interest Morrow had in this estate as a beneficiary consisted of a claim filed for a deposit account amounting to $344, one-half of which had already been paid to him in cash, and a certificate of participation for the balance was accepted by him from the trustees of the Washington National Bank Trust, in full payment of his deposit claim in the Washington National Bank.

It may also be said that the record shows that out of a thousand beneficiaries in the trust estate, the only one making any objections to the actions of the trustees is the petitioner herein Edmund D. Morrison.

Under our statute a writ of certiorari may be granted "in all cases where an inferior tribunal, * * * is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, *and there is no other plain, speedy, and adequate remedy.*" Section 12456 of the Code of 1935.

Under this statute, two matters must be shown before a writ can issue: (1) That the lower court has exceeded its proper jurisdiction or is otherwise acting illegally; and (2) that there is no other plain, speedy, and adequate remedy. Both must be established to justify the writ.

It is the settled rule of law in this state that where the

court has jurisdiction of the matter pending before it, and its jurisdiction is invoked by the parties thereto, the remedy for an alleged erroneous ruling therein is by appeal. We have repeatedly held that where there is another plain, speedy, and adequate remedy, no writ shall issue. McCarthy Co. v. District Court, 201 Iowa 912, 208 N. W. 505; Hoskins v. Carter, 212 Iowa 265, 232 N. W. 411; Collins v. Cooper, 215 Iowa 99, 244 N. W. 858; Adams v. Smith, 216 Iowa 1365, 250 N. W. 466; Main v. Ring, 219 Iowa 1270, 260 N. W. 859.

In Adams v. Smith, 216 Iowa 1365, loc. cit. 1368, 250 N. W. 466, 468, this court said:

"An issue of fact or of law was therefore presented to the court for decision. Both parties invited the court to rule on the fact question. Clearly the court had jurisdiction to rule thereon. Did it by overruling the motion otherwise act illegally? It is well settled that this court will not review the erroneous ruling of an inferior officer or body on certiorari. Iowa L. & T. Co. v. District Court, 149 Iowa 66, 127 N. W. 1114; Lex v. Selway Steel Corporation, 203 Iowa 792, 206 N. W. 586; Holcomb v. Franklin, 212 Iowa 1159, 235 N. W. 474; Ryan v. Hutchinson, 161 Iowa 575, 143 N. W. 433; Tiedt v. Carstensen, 61 Iowa 334, 16 N. W. 214; McEvoy v. Cooper, 208 Iowa 649, 226 N. W. 13. Likewise questions of fact will not be determined on certiorari. * * * The remedy in such case is by appeal. * * * Whether the conclusion reached was erroneous or not, the court did have jurisdiction to find that the residence of Stella Adams is in Appanoose county. The conclusion reached may have been ever so erroneous, but it was not in excess of the court's jurisdiction or otherwise illegal within the meaning of section 12456 of the Code."

In the recent case of Main v. Ring, 219 Iowa 1270, loc. cit. 1273, 260 N. W. 859, 861, this court, speaking through Justice Powers said:

"It is, of course, well settled that under our practice the writ of certiorari is not available to review mere errors. Its function is to annul proceedings in the lower court where it appears that the order of the lower court is invalid because that court exceeded its proper jurisdiction or otherwise acted illegally. * * * The only proper inquiry here is, Did the trial

court have the power to make the order challenged? Finn v. Winneshiek District Court, 145 Iowa 157, 123 N. W. 1066. We are not concerned with the question as to whether the trial court improperly exercised the power vested in it, and thereby committed error, that could be reviewed only on appeal.''

In an action or proceeding properly before the court, either party to such proceeding is authorized to file motions therein. The court, before which the proceedings are pending, when its jurisdiction is so invoked, has a right to rule upon the motions filed. In the proceedings in the lower court entitled ''In re Washington National Bank Trust,'' both parties did appear in that action and both parties filed motions therein, thereby invoking the jurisdiction of the court. After the filing of such motions, it became the duty of the court to rule thereon. Having jurisdiction, no illegality could have been committed by making a ruling, although the ruling may have been erroneous. If erroneous rulings on such motions could be reviewed by certiorari, litigation could be prolonged indefinitely.

If the court had jurisdiction, it had the right to rule one way or another. In such event, although the rulings may have been erroneous, they cannot be made the subject of review in certiorari. The writ of certiorari performs none of the functions of the writ of mandamus, and cannot be used for an appeal. As stated in the case of Holcomb v. Franklin, 212 Iowa 1159, loc. cit. 1164, 235 N. W. 474, 476, ''if the court had jurisdiction to rule at all on the motions, it had power to rule erroneously,'' and in such event the remedy is by appeal. Even if it be conceded that petitioner's motions should have been sustained, it does not follow that the jurisdiction of the lower court was exceeded, nor that there was any illegality in its rulings.

It is our conclusion that the petitioner's remedy in this action was by appeal. Assuming that the action of the lower court was wrong, nevertheless, as both parties to the litigation in question invoked the jurisdiction of the lower court, they cannot now secure a review by certiorari.

Much of the arguments of counsel on both sides relates to matters not necessary for a consideration of this proceeding, and a discussion thereof is deemed unnecessary.

It has also been held that the court, having issued a writ of certiorari, will, on the final hearing, determine whether the

writ is allowable, even though such question is not raised by the party litigants. Dickson Co. v. District Court, 203 Iowa 1028, 213 N. W. 803; Samek v. Taylor, 203 Iowa 1064, 213 N. W. 801.

For the reasons hereinabove expressed, the writ issued in this case is hereby annulled.—Writ annulled.

DONEGAN, C. J., and ALBERT, MITCHELL, STIGER, ANDERSON, and PARSONS, JJ., concur.