R. A. WESTON, M. D., Petitioner v. DON G. ALLEN, Judge, and J. M. HENRY, Respondents.

No. 44534.

836

NOVEMBER 15, 1938.

Stull, Lucier & Elmquist, for petitioner.

McLennan & McLennan and E. A. Lingenfelter, for respondents.

MITCHELL, J.—This is an original proceeding in certiorari to test the validity of the ruling of the Municipal Court of Des Moines, Polk County, Iowa, Don G. Allen, Judge.

In August of 1933 Dr. R. A. Weston commenced an action in the Municipal Court of Des Moines, against J. M. Henry, in which he claimed he had rendered certain medical services for the daughter of Mr. Henry; that there was a balance due of $200, plus interest and costs.

The cause of action was not prosecuted by the plaintiff, and finally on the first day of March, 1935, it was dismissed by the court for want of attention. On October 10, 1935, Dr. Weston commenced a new cause of action covering the same identical claim, against the same defendant. Mr. Henry filed answer. The case was permitted to drag on for some time, during which period of time there was talk between counsel in regard to an adjustment of the matter. On the 17th of February, 1937, the Municipal Court entered an order, published in the Daily Record, directing the parties in certain enumerated cases, including the case of Weston v. Henry, to appear by a certain date and try their causes of action or same would be dismissed. On February 24, 1937, Dr. Weston appeared thru his counsel, and judgment was entered in his favor on the same date. On February 26, 1937,

two days after the entry of the judgment, defendant filed a motion to set aside the default and judgment, to which was filed a resistance. This motion was argued and submitted to the court. No ruling was entered on it until the 25th day of March, 1938, when it was overruled. On April 13, 1938, the defendant filed a motion to reconsider the ruling on the motion to set aside default and judgment, which was resisted and argued, and thereafter, on May 4, 1938, the court, Don G. Allen, Judge, entered an order, sustaining the said motion to reconsider and to set aside the default and judgment.

██ Petitioner claims that the judge of the municipal court exceeded his jurisdiction in sustaining the motion to reconsider, due to the fact that same was not filed until April 13, 1938, more than ten days after the order was entered, overruling said motion.

Respondent filed a motion to dismiss the proceedings, alleging that under section 10681 of the 1935 Code the municipal court had jurisdiction to set aside a default judgment which was challenged for irregularity in obtaining the same, within ninety days after entry thereof, and that, since the court had jurisdiction, certiorari would not lie and the petitioner should have appealed to test the error, if there was any.

The problem which confronts us here is the construction of section 10681 of the 1935 Code. It is a nice question and one not without difficulty. The section referred to is as follows:

"10681. Entry judgment—jurisdiction—setting aside default. Judgments shall be rendered and entered upon the record in all cases within ten days after final submission of the cause, unless for good cause the court extends the time. The court shall retain jurisdiction, for the purpose of correction of errors of the court or in the record, for ten days after the entry of final judgment. Motions to set aside defaults may be made within ten days after the entry thereof. Motions to vacate a judgment or order, because of irregularity in obtaining it, must be made within ninety days from the entry thereof."

It is the contention of the petitioner that the motion to set aside the default must be made in a municipal court within ten days after it is entered, whereas the respondent contends that under the statute he is entitled to ninety days where the judgment was entered due to irregularity in obtaining it.

838

The motion upon which the trial court ruled in this case, and from which the writ of certiorari was taken, was filed within nineteen days after the entry of the trial court's order refusing to set aside the default. It alleges irregularity in obtaining the judgment. It is not necessary for us to go into the question of the irregularity. Suffice it to say that it is properly pleaded. Statute 10681 of the 1935 Code specifically states:

"Motions to vacate a judgment or order because of irregularity in obtaining it, must be made within ninety days from the entry thereof."

■■■ This record shows the motion to vacate was filed within nineteen days; that it alleged there was irregularity in obtaining the judgment, and the lower court so found. Necessarily it follows that the motion was filed within the time provided by statute. Hence the Municipal Court had jurisdiction to enter the order. The fact that the court might have made an erroneous ruling would not sustain the writ, for in that case petitioner should have proceeded by appeal and not by certiorari.

In the very recent case of Kommelter v. District Court, 225 Iowa 273, 280 N. W. 511, this court, speaking thru Justice Anderson, at page 275 of 225 Iowa, page 512 of 280 N. W., said:

"The statute, section 12456, providing for the writ, provides that the writ may be granted 'in all cases where an inferior tribunal * * * is alleged to have exceeded (its) proper jurisdiction, or is otherwise acting illegally, *and there is no other plain, speedy, and adequate remedy.*' [Italics supplied.]

"In Morrison v. Patterson, 221 Iowa 883, 267 N. W. 704, we said, speaking through Justice Kintzinger [page 886]:

" 'Under this statute [section 12456], two matters must be shown before a writ can issue: (1) That the lower court has exceeded its proper jurisdiction or is otherwise acting illegally; and (2) that there is no other plain, speedy, and adequate remedy. Both must be established to justify the writ.'

"We further held in that case, that where the court has jurisdiction of the subject matter the remedy for an alleged erroneous ruling is by appeal, and we used the following language:

" 'We have repeatedly held that where there is another plain, speedy, and adequate remedy, no writ shall issue.'

"McCarthy Co. v. District Court; 201 Iowa 912, 208 N. W. 505; Hoskins v. Carter, 212 Iowa 265, 232 N. W. 411; Collins v. Cooper, 215 Iowa 99, 244 N. W. 858; Adams v. Smith, 216 Iowa 1365, 250 N. W. 466; Main v. Ring; 219 Iowa 1270, 260 N. W. 859. We have also repeatedly held that this court will not review the erroneous ruling of an inferior tribunal on certiorari. Holcomb v. Franklin, 212 Iowa 1159, 235 N. W. 474; McEvoy v. Cooper, 208 Iowa 649, 226 N. W. 13; Main v. Ring, supra.

"We further held in the Morrison v. Patterson case, supra:

" 'If the court had jurisdiction, it had the right to rule one way or another. In such event, although the rulings may have been erroneous, they cannot be made the subject of review in certiorari. The writ of certiorari performs none of the functions of the writ of mandamus, and cannot be used for an appeal.' "

We are thus constrained to hold in this case, in view of our former decisions, that a writ of certiorari should not have issued, and that if the lower court erred in setting aside the default the proper remedy would have been appeal.—Writ annulled.

SAGER, C. J., and all JUSTICES, concur.